**Carl HUNT, Appellant,**

v.

**The State of Texas, Appellee.**

**No. 06–98–00115–CR.**

Court of Appeals of Texas,
Texarkana.

Argued March 24, 1999.

Decided April 7, 1999.

Discretionary Review Refused

Sept. 8, 1999.

Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Texarkana, for appellant.

Randal Lee, Criminal Dist. Atty., Linden, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

In a single indictment, Carl Hunt was charged with two felony offenses: deadly conduct and unlawful possession of a firearm by a felon. In addition, the indictment contained four enhancement paragraphs, each alleging conviction of a prior felony offense. At trial, the jury found Hunt guilty of both offenses. At the punishment phase, he entered pleas of true to two of the enhancement paragraphs and the court entered a plea of not true for him as to a third enhancement. No plea was entered as to one of the enhancement allegations, and the court charged the jury on only three of the four enhancements alleged. The jury found the allegations in all three of these paragraphs to be true and assessed punishment at ninety-nine years' imprisonment for each offense. The sentences run concurrently.

Hunt appeals, contending that: (1) the indictment for unlawful possession of a firearm by a felon did not allege an offense because it failed to allege all of the elements necessary to constitute the offense; (2) the reporter's record does not reflect that TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1999), which mandates the reading of the indictment to the jury by the prosecuting attorney, was complied with because it merely states that the indictment was read in open court and does not repeat verbatim the reading itself; and (3) the indictment is fundamentally defective because one of the enhancement paragraphs used by the State to prove two prior felony convictions lists the date of the prior conviction as the date the conviction became final, rather than the date that conviction became final following appeal. We overrule these contentions and affirm the judgment.

In his first point of error, Hunt contends that the indictment for unlawful possession of a firearm by a felon is fundamentally defective because it fails to allege all of the elements necessary to constitute the offense. The offense of unlawful possession of a firearm by a felon, found at TEX. PEN. CODE ANN. § 46.04, reads, in relevant part, as follows:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PEN. CODE ANN. § 46.04 (Vernon 1994). Specifically, Hunt argues that the State failed to allege he committed the offense under either Subdivision (1) or (2). He argues that there is no language in the indictment as to possession of a firearm before the fifth anniversary of release pursuant to Subdivision (1), nor is there any language about possession after the period described in Subdivision (1) at any location other than the premises at which the person lives, pursuant to Subdivision (2).

The relevant part of the indictment reads:

[O]n or about the 20th day of September, A.D.1997, ... **CARL HUNT**, did ... intentionally and knowingly, possess a firearm, to-wit: 22 caliber rifle after being convicted of a felony, to-wit: on the 19th day of November 1987, in the Criminal District Court Number 2, of Dallas County, Texas in cause number F–87–87937–TI ... **CARL HUNT** was duly and legally convicted in said last named court of a felony, to-wit: UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE ... and said conviction was a final conviction and was a conviction for a felony offense prior to the Possession of Firearm hereinabove charged against him.

Hunt contends that the indictment violates TEX. CODE CRIM. PROC. ANN. art. 21.03 (Vernon 1989) which provides that, "Everything should be stated in an indictment which is necessary to be proved."

■ Hunt is correct in his assertion that the indictment does not allege all the elements of the offense. However, a defect of form or substance in an indictment is waived if no objection is made before the date trial commences. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1999).[1] An allegation that the indictment fails to charge an offense is a defect of substance. TEX. CODE CRIM. PROC. ANN. art. 27.08 (Vernon 1989).[2]

■ Hunt argues that he preserved error by filing a pretrial motion to set aside the indictment and at the pretrial hearing on that motion. Hunt's motion to set aside the indictment reads in relevant part:

> Now comes Carl Hunt, defendant . . . and . . . moves that the indictment filed in this case be set aside by virtue of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I §§ 10 and 19 of the Texas Constitution, and Articles 1.05, 21.01, 21.02, 21.03, 21.04, and 21.11 of the Texas Code of Criminal Procedure for the following reasons:

### I.

> The indictment is defective because it contains an error as to the defendant receiving a conviction in Cause No. F–87–87937–TI on November 19, 1987. Defendant, as of November 19, 1987, and to this day has not received a final conviction in the previously stated cause and proof of this fact is provided in Exhibit A, therefore, it is not a true Bill of Indictment.

### II.

> Because of these defects:

> . . . .

> 3. The indictment does not state "[e]verything . . . which is necessary to be proved", in violation of TEX. CODE CRIM. PROC. ANN. Art. 21.03.

At the pretrial hearing on this motion, Hunt urged only the ground stated in paragraph I of his motion and never mentioned the other grounds. The entire record on Hunt's motion to set aside the indictment is as follows:

> [DEFENSE COUNSEL:] Secondly, we have several Pre-trial Motions that we filed. I guess I will just take them up here one at a time.

> [JUDGE:] Alright.

> [DEFENSE COUNSEL:] First, I did file a Motion to set aside the Indictment. The Indictment states that in Cause No. F–87–87937–TI, there was a final conviction on November 19th, 1987. Mr. Hunt does have documentation which would indicate as of that date an appeal was pending in Dallas County, and there had not been a final conviction at that time. Therefore, the Indictment is not a true bill, and we ask that it be set aside.

> [JUDGE:] Do you want to respond to that?

> [PROSECUTOR:] He was sentenced on that day, it was appealed, and the appeal worked its course and Judgment was upheld. I have a mandate where it was appealed from the Court of Appeals.

> [JUDGE:] I don't believe that would be grounds for setting aside an Indictment. That may come up .. you know .. the evidence, but I will overrule that Motion for the record.

**1.** *See State v. Murk,* 815 S.W.2d 556, 557 (Tex.Crim.App.1991); *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990); *Hines v. State,* 978 S.W.2d 169, 175 (Tex.App.— Texarkana 1998, no pet.).

**2.** *See Smith v. State,* 959 S.W.2d 1, 9 (Tex. App.—Waco 1997, pet. ref'd); *McCoy v. State,* 932 S.W.2d 720, 724 (Tex.App.—Fort Worth 1996, pet. ref'd).

[DEFENSE COUNSEL:] Thank you, Your Honor.

Hunt never urged the alleged defect he now argues on appeal. Nonetheless, he contends that the language at paragraph II. 3. of his motion is sufficiently specific to make the trial court aware of his present complaint.

TEX. R. APP. P. 33.1(a)(1)(A) provides in relevant part as follows:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; ....

As applied to this case, there is no way the trial court could determine from the generalized language found at paragraph II. 3. of Hunt's motion the objection he now raises on appeal. The indictment alleges two different offenses (deadly conduct and unlawful possession of a firearm by a felon) from two different Penal Code provisions (TEX. PEN. CODE ANN. § 22.05 (Vernon 1994) and TEX. PEN. CODE ANN. § 46.04 (Vernon 1994)). The language relied upon by Hunt in his motion does not refer to which offense or penal provision is at issue. Further, this language does not specify which element or elements of the offense or offenses has not been properly alleged by the indictment. Thus, the language is nonspecific, generalized, and vague. We find that Hunt has not preserved error.

 Since Hunt has waived error as to the indictment, to show reversible error he must now attack the judgment by show-ing fundamental error in the indictment. To show fundamental error, a party must show that the charging instrument is so deficient that it fails to confer jurisdiction upon the court to render a conviction. *Nam Hoai Le v. State,* 963 S.W.2d 838, 843 (Tex.App.—Corpus Christi 1998, pet. ref'd). A charging instrument is sufficient to convey jurisdiction if it charges a specific person with the commission of an offense which is apparent from the face of the charging instrument. *Id.; see also Duron v. State,* 956 S.W.2d 547, 549–50 (Tex.Crim.App.1997). Further, an indictment is constitutionally defective only if it is so defective that it no longer serves as an indictment. *See* TEX. CONST. art. V, § 12(b); *Cook v. State,* 902 S.W.2d 471, 476 (Tex.Crim.App.1995). The crime must be alleged in the indictment with enough specificity and clarity that the defendant can identify the penal statute under which the state intends to prosecute. *Duron,* 956 S.W.2d at 550. If it does so, it is an indictment, and the defendant must move to quash it if it is otherwise defective.

 Here, the heading of the indictment specifically states the two Penal Code provisions and the titles of the offenses which it charges Hunt with violating, as well as a paragraph number in the indictment for each offense. A felon in possession of a firearm is listed as being found at the second paragraph. This fact, along with the language used in the second paragraph, alleges the crime with enough specificity and clarity that Hunt could have identified the statute under which the State intended to prosecute. We hold that there is no fundamental error in the indictment and overrule Hunt's first point of error.

 Next, Hunt contends that reversible error occurred because the reporter's record does not reflect that TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1),[3]

---

**3.** TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1999) reads, in part:

(a) A jury being impaneled in any criminal action ... the cause shall proceed in the following order:

which mandates the reading of the indictment to the jury by the prosecuting attorney, was complied with. Specifically, he argues that the record merely states the indictment was read in open court, does not repeat verbatim the reading itself, and, therefore, fails to indicate whether the indictment was fully and properly read. He further argues that whereas the prior Rule 80 of the Texas Rules of Appellate Procedure [4] presumed the regularity of the reading of the indictment in open court, the new Rule 44.2(c), which replaced Rule 80 effective September 1, 1997, contains no such presumption. TEX. R. APP. P. 44.2(c) reads in part:

> (c) *Presumptions.* Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:
>
> . . . .
>
> (3) that the defendant was arraigned;
> (4) that the defendant pleaded to the indictment or other charging instrument; . . . .

Although the language has been rearranged, Rule 44.2(c) is in substance the same as prior TEX. R. APP. P. 80(d), and the presumption as to the regularity of the reading of the indictment appears to survive.

In *Richardson v. State,* 957 S.W.2d 854, 856 (Tex.App.—Tyler 1997, pet. ref'd), the appellant claimed that a portion of the indictment was never read to the jury, while the State argued that the whole indictment was read prior to the guilt/innocence stage and that the defendant pleaded not guilty to it. The State argued that because the record reflected the indictment was read and the defendant pleaded not guilty prior to the beginning of trial, there is a presumption pursuant to TEX.

R. APP. P. 80 that the indictment was in fact read to the jury and the defendant pleaded to it. The Tyler court stated:

> We agree with the State's position that the record does not support the Appellant's assertion that the indictment was not read in its entirety, . . . . Application of Rule 80 requires that in order for Appellant to overcome the presumption that the indictment was read and the Appellant pleaded "not guilty" . . . , the record must affirmatively show that the indictment in its entirety was not read, or trial counsel must have called the omission to the attention of the court. *See Hazelwood v. State,* 838 S.W.2d 647 (Tex.App.—Corpus Christi 1992, no pet.). Silence in the record does not amount to an affirmative showing.

In the instant case, the reporter's record states affirmatively that the indictment was read and Hunt pleaded not guilty to it. Hunt points to no part of the record affirmatively showing the indictment was not read in its entirety. Further, he points to nothing in the record showing he called to the attention of the court any omission in reading the whole indictment, as would be expected if the whole indictment had not been read. An analogous case is *King v. State,* 502 S.W.2d 800 (Tex.Crim.App. 1973). There, King sought to set aside a conviction for alleged failure to properly admonish him as to the consequences of his guilty plea where the reporter's record failed to report verbatim the court's admonishment. The Texas Court of Criminal Appeals overruled this point because the judgment recited, and the reporter's parenthetical summary indicated, that the defendant had been admonished. *Id.* at 801. Hunt's second point of error is overruled.

---

1. The indictment or information shall be read to the jury by the attorney prosecuting. . . .

**4.** "**Presumptions in Criminal Cases.** The court of appeals shall presume ... that the defendant was arraigned; that he pleaded to the indictment or other charging instrument; ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record." TEX. R. APP. P. 80(d) (Vernon 1997).

In his final point of error, Hunt contends that the indictment is fundamentally defective because one of the enhancement paragraphs recites the date of the conviction rather than the date that conviction became final following appeal.

The indictment against Hunt actually alleged four prior felony convictions in paragraphs three through six. The record shows that Hunt entered pleas of true to two of the alleged prior convictions and that a plea of not true was entered for him to a third alleged conviction. No plea was entered as to one of the enhancement paragraphs, and the court's charge on punishment only submitted the prior convictions alleged in the fourth, fifth, and sixth paragraphs of the indictment. The jury found all three allegations submitted to be true. In this point of appeal, Hunt complains only of the conviction alleged in paragraph three of the indictment, which is the one not submitted to the jury. Therefore, no error can be shown. Based on the jury's findings concerning the other three prior convictions, Hunt's punishment was properly enhanced pursuant to TEX. PEN. CODE ANN. § 12.42(d) (Vernon Supp.1999). This point of error is without merit.

The judgment is affirmed.