In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00042-CV


______________________________





IN RE: CARL HUNT









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Carl Hunt filed a petition for writ of mandamus with this Court informing us that a jury
sentenced him to ninety-nine years' imprisonment on an unknown date in an unknown cause number. 
The exact criminal offense for which he was convicted is unclear. Hunt does clarify that the State's
indictment charged him with deadly conduct. He complains that the trial court erred when it entered
a deadly weapon finding even though the State "did not request that the jury be required to answer
a special issue as to whether [or] not Hunt, used or exhibit[ed] a deadly weapon beyond a reasonable
doubt." In an attempt to correct any error, Hunt filed a petition for judgment nunc pro tunc, which
was denied by the trial court on March 30, 2009. He seeks mandamus on the denial of this motion. 

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or violation of a duty imposed by law when no other adequate remedy by law is available. State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Due to the nature of this remedy, it
is Hunt's burden to properly request and show entitlement to the mandamus relief. See generally
Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding);
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding)
("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary
relief he seeks."). 

 An erroneous denial of a judgment nunc pro tunc can be corrected through a mandamus
proceeding. In re Bridges, 28 S.W.3d 191, 195-96 (Tex. App.--Fort Worth 2000, orig. proceeding). 
However, "[t]he purpose of a judgment nunc pro tunc is to correct a clerical error in the judgment
after the court's plenary power has expired." Jenkins v. Jenkins, 16 S.W.3d 473, 482 (Tex.
App.--El Paso 2000, no pet.); see W. Tex. State Bank v. Gen. Res. Mgmt. Corp., 723 S.W.2d 304,
306 (Tex. App.--Austin 1987, writ ref'd n.r.e.). Hunt did not seek to correct any clerical error, but
instead challenged the State's indictment and/or the trial court's affirmative deadly weapon finding
when the issue was not submitted to the jury. See generally Carl Hunt v. State, 994 S.W.2d 206,
208-09 (Tex. App.--Texarkana 1999, pet. ref'd) (defendant charged with deadly conduct waived
alleged error in indictment, which did not allege all the elements of the offense because he failed to
object). This is an appealable matter. Mandamus will not issue when there is a clear and adequate
remedy at law, such as a normal appeal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding). 

 Further, Hunt had the obligation to provide us with evidence in support of his claim that he
is entitled to mandamus relief. No portion of any clerk's record or reporter's record has been filed
with this Court. The absence of a mandamus record prevents us from evaluating the circumstances
of this case and, consequently, the merits of Hunt's complaints. See Tex. R. App. P. 52.7; Barnes,
832 S.W.2d at 426. 

 We deny the petition for writ of mandamus. 



 Bailey C. Moseley

 Justice


Date Submitted: April 27, 2009

Date Decided: April 28, 2009



fense. That latter finding (commission of a new criminal offense) is
not challenged by Randon in this appeal. Proof of a single violation is sufficient to support a trial
court's decision to revoke community supervision. Wade, 83 S.W.3d at 840. Accordingly, we
cannot say the trial court abused its discretion by revoking Randon's community supervision. See
id. at 839. We overrule Randon's sole point of error and affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: February 21, 2003

Date Decided: March 10, 2003


Do Not Publish