

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00224-CR

Carlton **WOOD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CR-3690
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

REVERSED AND REMANDED

On appeal, Carlton Wood asserts there is insufficient evidence to support the enhanced

sentence he received for evading arrest with a motor vehicle.  We agree and reverse that portion

of the judgment and remand for a new punishment hearing.

### BACKGROUND

Wood was charged by indictment with having committed the third degree felony offense

of evading arrest with a vehicle, for which the punishment range is imprisonment for two to ten

years.  TEX. PENAL CODE ANN. § 38.04 (West Supp. 2014); *id.* § 12.34(a) (West 2011).  The

indictment contained an enhancement paragraph alleging that Wood was previously convicted of possession of one to four grams of a controlled substance, Penalty Group 1, on September 23, 2002 in Bexar County, Texas, a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). If found true, the enhancement would elevate the punishment range for the evading arrest offense to that of second degree felony, i.e., imprisonment for two to twenty years. TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014); *id.* § 12.33(a) (West 2011). Wood pled not guilty to evading arrest, waived his right to a jury trial, and was tried by the court. The trial court found Wood guilty of evading arrest with a vehicle as charged in the indictment. During the punishment phase, the trial court found that the enhancement allegation was "true." The court denied Wood's request for probation and sentenced Wood to four years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. No fine was assessed. Wood timely appealed.

## ANALYSIS

In a single issue, Wood argues the finding in the judgment that the enhancement paragraph is "true" is without any basis. Wood asserts that because he did not enter a plea of "true" to the enhancement on the record and the State failed to present any evidence to prove up the prior conviction, the trial court erred in finding the enhancement "true." The State argues that because Wood failed to object in the trial court, a presumption applies that he pled "true" to the enhancement as recited in the judgment.

During the guilt/innocence phase, Wood testified that he previously had "one drug conviction" for which he had been to prison "in the 2000's." Wood provided no details concerning that prior drug conviction, and stressed that he had been to prison only once. On cross-examination, the prosecutor questioned Wood about two prior charges for drug-related offenses: (i) possession of one to four grams of a controlled substance on October 30, 2000; and (ii)

possession with intent to deliver four to 200 grams of a controlled substance on February 7, 2002. Wood did not admit to being convicted of either of those charges and no documentary evidence was presented by the State with regard to these alleged charges. The prosecutor did not question Wood about the September 23, 2002 conviction for possession of one to four grams of a controlled substance that was alleged in the enhancement paragraph of the indictment. No documentary proof of that conviction was offered or admitted. After the trial court found Wood guilty of the evading arrest charge, it ordered a pre-sentence investigation report to be prepared before sentencing.

At the beginning of the punishment hearing, the trial court stated on the record, "[t]he enhancement was found true." The court did not take Wood's plea of "true" or "not true" to the enhancement on the record. During the hearing, the court did not specify whether its finding that the enhancement was "true" was based on a plea of "true" (which does not appear in the record) or on other proof of the prior conviction alleged in the indictment. No objection was raised by Wood. After the court's statement that "the enhancement was found true," the following discussion occurred between the trial court, Wood, and defense counsel with regard to how much time Wood served on the prior conviction:

| THE COURT: | How long did you actually serve on that six-year term, Mr. Wood? |
| DEFENDANT: | The full six years, Your Honor. |
| THE COURT: | How come? |
| DEFENSE COUNSEL: | No, you were on parole for three years. |
| DEFENDANT: | For three. |
| THE COURT: | So you did three. |
| DEFENDANT: | Be specific, yes. Three on parole and three. |

The State argues that it is apparent from the above exchange that Wood and his counsel were on notice the State was seeking an enhancement, were aware of the details of the prior conviction used for the enhancement, and were not surprised or prejudiced by the court's finding that the enhancement was "true" — as evidenced by Wood's failure to object which the State asserts waived any error. *See Marshall v. State*, 185 S.W.3d 899, 902-03 (Tex. Crim. App. 2006) (defendant is on notice that State is seeking greater penalty when enhancement is contained in indictment and not waived, and specific trial objection is necessary to preserve error due to court's failure to read enhancement allegation and take defendant's plea). The State's argument misses the mark because Wood is not complaining that he failed to receive proper notice of the prior conviction to be used for enhancement, but, rather, that the State failed to prove the prior conviction.

To establish a prior conviction for purposes of enhancement, the State must prove two elements beyond a reasonable doubt: (i) the existence of a prior conviction; and (ii) the defendant's link to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A defendant's plea of "true" to the enhancement allegation satisfies the State's burden of proof. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). Absent a plea of "true," the State must prove the two elements by introducing evidence such as the defendant's admission or stipulation, documentary proof, e.g., a judgment, that contains sufficient information showing the defendant's identity as the person convicted of the prior offense, or testimony by a person with knowledge of the defendant's prior conviction. *Flowers*, 220 S.W.3d at 921-22. The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. *Id.* at 923. In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," we consider all the evidence in the light most favorable to the finding and

determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Prihoda v. State*, 352 S.W.3d 796, 807 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Isassi v. State*, 330 S.W.3d 633, 639 (Tex. Crim. App. 2010)).

Here, the judgment recites that Wood pled "true" to the enhancement paragraph of the indictment and that the enhancement was found "true." The State argues that "[o]bviously something happened off the record" to support the court's finding that the enhancement was "true," and asserts that both sides as well as the court proceeded as if Wood had pled "true." The State contends that, because Wood did not object in the trial court and the record does not affirmatively show the opposite, we must presume the regularity of the judgment and its recital that Wood pled "true;" therefore, the State's burden of proof was satisfied by the alleged plea of "true." *See Wilson*, 671 S.W.2d at 525-26; TEX. R. APP. P. 44.2(c)(4). However, a defendant's plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson*, 671 S.W.2d at 526; *Wise v. State*, 394 S.W.3d 594, 598 (Tex. App.—Dallas 2012, no pet.). As noted, the record does not affirmatively show that Wood entered any plea at all to the enhancement allegation. Without a plea of "true" in the record, we proceed with our analysis by determining whether the State met its burden of proof on the enhancement allegation. *See Wise*, 394 S.W.3d at 600; *see also Guyton v. State*, No. 04-13-00179-CR, 2014 WL 2917213, at *1 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication) (in absence of "true" plea in the record, appellate court proceeds as if defendant pled "not true" to enhancement).

Based on the record before us, we conclude the State wholly failed to establish the September 23, 2002 prior conviction alleged in the enhancement paragraph of the indictment. The State did not introduce a certified copy of the judgment for that offense as is customary, and did not offer any other type of documentary or testimonial proof of the alleged September 23, 2002 conviction. While the State attempted to get Wood to admit to two other drug charges with

different dates, he refused to admit to being convicted for those offenses. Finally, Wood's vague testimony that he had "one drug conviction" for which he went to prison "in the 2000's" was insufficient, without more, to prove up the enhancement allegation in the indictment. *See Prihoda*, 352 S.W.3d at 808-09 (listing different types of proof that have been held sufficient to prove a prior conviction for enhancement purposes).

The State not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction. Therefore, contrary to the State's argument, no presumption of regularity attached to the judgment's recitals with respect to the enhancement conviction. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007) (presumption of regularity of a judgment with respect to a prior conviction does not arise until after the State presents prima facie evidence of the conviction to be used for enhancement). When the State fails to make a prima facie showing of an enhancement conviction, as it did here, the defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction. *Id.* at 7. As in the similar case *Wise*, we do not apply a presumption of regularity in the enhancement proceedings in a way that relieves the State of its burden to prove the enhancement allegations. *Wise*, 394 S.W.3d at 599 (citing *Fletcher*, 214 S.W.3d at 9).

Finally, the State asserts that any error in the enhancement proceedings is harmless because the four-year sentence Wood received is within the punishment range for a third degree felony with no enhancement. However, a failure of proof on an enhancement allegation is not subject to a harmless error analysis. *Wise*, 394 S.W.3d at 600; *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (noting a sufficiency-of-evidence deficiency can never be considered harmless).

Based on the foregoing reasons, we sustain Wood's issue, reverse the portion of the judgment assessing punishment and remand for a new punishment hearing. *See Wise*, 394 S.W.3d at 600-01.

Rebeca C. Martinez, Justice

PUBLISH