PD-0061-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/7/2015 8:54:49 AM
Accepted 5/7/2015 8:56:20 AM
ABEL ACOSTA
CLERK

NO. PD-0061-15

**CARLTON WOOD**,
Appellant
v.

**THE STATE OF TEXAS,**
Appellee

## STATE'S BRIEF ON THE MERITS FOLLOWING GRANTING OF PETITION FOR DISCRETIONARY REVIEW

From the Court of Appeals for the
Fourth Court of Appeals District of Texas
at San Antonio, No. 04-14-00224-CR,
and the 226th District Court of
Bexar County, Trial Court No. 2013-CR-3690,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney
Bexar County, Texas

JAY BRANDON
Assistant District Attorney
SBN 02880500
101 W. Nueva
San Antonio TX 78205
(210) 335-2418
jay.brandon@bexar.org

## IDENTITY OF PARTIES AND COUNSEL

| | | |
|---|---|---|
| Carlton Wood | - | Appellant (defendant in the trial court) |
| Edward A. Bartolomei<br>Robbie L. Ward | - | Appellant's attorneys at trial |
| David L. McLane | - | Appellant's attorney on appeal |
| Stacy Esterak<br>Clayton Head | - | Attorneys for the State at trial |
| Hon. Sid Harle | - | Judge Presiding at trial |
| Jay Brandon | - | Attorney for the State on appeal |

TABLE OF CONTENTS

Page

PARTIES                                                          2

INDEX OF AUTHORITIES                                             4

STATEMENT OF THE CASE                                           5

STATEMENT OF PROCEDURAL HISTORY                                 5

GROUNDS FOR REVIEW

**GROUND FOR REVIEW ONE**
**THE COURT OF APPEALS**
**ERRED BY REFUSING TO**
**APPLY A PRESUMPTION**
**THAT THE DEFENDANT PLED**
**TRUE TO THE ENHANCEMENT.**                                    6

**GROUND FOR REVIEW TWO**
**WHERE THE TRIAL COURT**
**FINDS AN ENHANCEMENT TRUE**
**AND THE DEFENDANT DOES NOT**
**OBJECT, THE PRESUMPTION**
**SHOULD BE APPLIED.**                                          6

**GROUND FOR REVIEW THREE**
**THE EVIDENCE SUPPORTED**
**THE COURT'S FINDING OF**
**TRUE, CONTRARY TO THE**
**COURT OF APPEALS' HOLDING.**                                  6

PRAYER FOR RELIEF                                               15

CERTIFICATE OF COMPLIANCE                                       16

CERTIFICATE OF SERVICE                                          16

APPENDIX:  Court of Appeals opinion                       attachment

# INDEX OF AUTHORITIES

Page

*Breazeale v. State,* 683 S.W.2d 446 (Tex.Crim.App. 1984)    11

*Brown v. State*, No. 14-08-00614-CR (Tex.App.—Houston
[14[th] Dist.] 2011, no pet.)    10

*Flowers v. State*, 220 S.W.3d 919 (Tex.Crim.App. 2007)    12

*Freda v. State*, 704 S.W.2d 41 (Tex.Crim.App. 1986)    13

*Hazelwood v. State*, 838 S.W.2d 647 (Tex. App.—Corpus
Christi 1992, no pet.)    10

*Hunt v. State*, 994 S.W.2d 206 (Tex.App.—Texarkana 1999, no pet.)    10

*Lincoln v. State*, 307 S.W.3d 921 (Tex.App.—Dallas 2010, no pet.)    11

*Linton v. State*, 15 S.W.3d 615 (Tex.App.—Houston [14[th] Dist.]
2000, pet. ref'd)    14

*Osteen v. State*, 642 S.W.2d 169 (Tex.Crim.App. 1982)    10

*Richardson v. State*, 957 S.W.2d 854 (Tex.App.—Tyler 1997,
pet. ref'd)    10

*Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App. 1986)    9

*Tenner v. State*, 850 S.W.2d 818 (Tex.App.—El Paso 1993,
no pet.)    13

*Warren v. State,* 693 S.W.2d 414 (Tex.Crim.App. 1985)    9

*Wilson v. State*, 671 S.W.2d 524 ([Tex.Crim.App. 1984)    9

*Wood v. State*, 453 S.W.3d 488 (Tex. App.—San Antonio
2014, pet. filed)    5

## STATEMENT OF THE CASE

Appellant was convicted in a bench trial of evading arrest/ vehicle. After a presentence investigation report and brief punishment hearing, the court assessed punishment at imprisonment for four years.

## STATEMENT OF PROCEDURAL HISTORY

On December 17, 2014, the Fourth Court of Appeals handed down an opinion reversing the punishment in this case and remanding to the trial court for new punishment hearing. The published opinion is by Justice Rebeca Martinez, joined by Justices Alvarez and Chapa. *Wood v. State*, 453 S.W.3d 488 (Tex. App.—San Antonio 2014, pet. filed).

This Court granted the State's petition for discretionary review (oral argument not permitted) on April 22, 2015. This brief on the merits is timely filed.

## STATEMENT OF FACTS

The facts of the offense are not relevant to this appeal. Appellant Carlton Wood was charged with evading arrest/vehicle. He pled not guilty in a bench trial and was found guilty. After a subsequent pre-sentence investigation report, the court held a punishment hearing. At the beginning the court announced in open court that the enhancement count had been found true. No one responded. The court assessed punishment of four years' imprisonment.

5

**GRANTED GROUNDS:**

**GROUND FOR REVIEW ONE**
**THE COURT OF APPEALS**
**ERRED BY REFUSING TO**
**APPLY A PRESUMPTION**
**THAT THE DEFENDANT PLED**
**TRUE TO THE ENHANCEMENT.**

**GROUND FOR REVIEW TWO**
**WHERE THE TRIAL COURT**
**FINDS AN ENHANCEMENT TRUE**
**AND THE DEFENDANT DOES NOT**
**OBJECT, THE PRESUMPTION**
**SHOULD BE APPLIED.**

**GROUND FOR REVIEW THREE**
**THE EVIDENCE SUPPORTED**
**THE COURT'S FINDING OF**
**TRUE, CONTRARY TO THE**
**COURT OF APPEALS' HOLDING.**

SUMMARY OF THE ARGUMENT

The Fourth Court of Appeals has handed down an opinion reversing the punishment in this case and remanding to the trial court for new punishment hearing. The court specifically refused to apply the presumption found in Rule of Appellate Procedure 44.2(c)(4) that a defendant has pled to an indictment. Instead the court held the exact opposite, that a plea of true to an enhancement count "must be affirmatively reflected by evidence in the record." This holding is contrary to many cases saying the presumption must be applied in the face of a silent record.

Furthermore, the trial court in this case announced at the beginning of the

6

punishment hearing, in front of Appellant and his counsel, that the enhancement count had been found true. Appellant had an opportunity to make an issue of this but did not. Appellant also testified during the hearing that he had been convicted of possession of a controlled substance, the same offense alleged in the enhancement.

It is clear from the record that Appellant pled true to the enhancement paragraph off the record. The Fourth Court erred by not applying the presumption.

ARGUMENT

*The Enhancement Allegation*

Appellant's indictment included a paragraph titled "Enhancement Allegation," which read as follows:

> And it is further presented in and to said Court that, before the commission of the offense alleged above, on the 23rd day of SEPTEMBER, A.D. 2002, in Cause No. 2002CR2129, in Bexar County, Texas, the defendant was convicted of the felony of POSS CS PG1 1 GRAM TO 4 GRAMS…

(CR 5)

*The Trial Court's Finding*

Appellant's was a bench trial. After the trial court found him guilty of evading arrest, the court recessed for a punishment hearing. That hearing included a presentence investigation report, which the court had reviewed (RR3 3), but which is not in the record. At the beginning of the hearing, the court said, "The

7

enhancement has been found true." (RR3 3)  No one objected to this finding or commented on it in any way.  Then the court heard punishment evidence.

The docket sheet also shows that the enhancement was found true. (CR 66) The judgment says that Appellant pled true to the enhancement and it was found true. (CR 56)

*Other Evidence*

The PSI report obviously contained information the court read which is not in the record.  The court asked Appellant how much of his six-year prison term he had served. (RR3 4)  There was no testimony or other evidence concerning the length of Appellant's previous sentence.

Appellant also testified that he had been convicted of possession of a controlled substance and served prison time for it. (RR3 60-1)  That was the offense alleged for enhancement.  Appellant said this was in "the 2000s," but he wasn't sure if it was 2002, the date alleged in the indictment. (RR3 61)

*The Presumption*

Texas Rule of Appellate Procedure 44.2(c) says:

*Presumptions.*  Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:
    (1) that venue was proved in the trial court;
    (2) that the jury was properly impaneled and sworn;
    (3) that the defendant was arraigned;
    (4) **that the defendant pleaded to the indictment or other charging instrument;** and

8

(5) that the court's charge was certified by the trial court and filed by the clerk before it was read to the jury.

(emphasis added)

*The Court of Appeals' Holding*

The court of appeals acknowledged this presumption, but held, "However, a defendant's plea of 'true' to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson[ v. State]*, 671 S.W.2d [524] at 525-26 ([Tex.Crim.App. 1984)]." *Wood, supra*, 453 S.W.3d at 491. The court of appeals then proceeded to hold that the State had not put on sufficient evidence to uphold the finding of true to the enhancement allegation. *Id.* at 492.

*Argument*

The *Wilson* opinion was handed down from this Court in 1984. It does indeed say what the court of appeals cited it as saying, but cites no authority for that proposition. The Rules of Appellate Procedure were promulgated by this Court (and the Supreme Court) to take effect September 1, 1986. Rule 44.2(c), set out above, seems designed to overrule *Wilson*, *sub silentio*. Whatever the intention, the rule now controls this situation.

Since *Wilson*, this Court has held that the presumption of regularity in proceedings controls unless the supposed error was called to the attention of the trial court or the record affirmatively demonstrates the contrary. *Sharp v. State*, 707 S.W.2d 611, 616 (Tex.Crim.App. 1986). *Warren v. State,* 693 S.W.2d 414, 416

9

(Tex.Crim.App. 1985), points out that courts of appeals are to presume that the defendant was arraigned and that he pleaded to the charging instrument, "unless such matters were made an issue in the court below, or otherwise affirmatively appears to the contrary from the record."

Many courts have applied the various presumptions found in this rule. *Osteen v. State*, 642 S.W.2d 169, 171 (Tex.Crim.App. 1982)(based on the predecessor to Rule 44.2(c); court must presume jury properly empaneled and sworn); *Hunt v. State*, 994 S.W.2d 206 (Tex.App.—Texarkana 1999, no pet.)(it is to be presumed that the defendant pled to the indictment); *Hazelwood v. State*, 838 S.W.2d 647 (Tex. App.—Corpus Christi 1992, no pet.)(silence in the record does not amount to an affirmative showing that a plea was not taken); *Brown v. State*, No. 14-08-00614-CR (Tex.App.—Houston [14th Dist.] 2011, no pet.) (memorandum opinion)("we must presume a defendant was arraigned and pleaded to the indictment unless these matters were disputed in the trial court or the record affirmatively shows the contrary").

One of the most significant of these is *Richardson v. State*, 957 S.W.2d 854, 856 (Tex.App.—Tyler 1997, pet. ref'd), which says, "[T]he record must affirmatively show that the indictment in its entirety was not read, or trial counsel must have called the omission to the attention of the court. **Silence in the record does not amount to an affirmative showing.**" (emphasis added).

10

The record in this case shows only a resounding silence in the record. The trial court announced in open court that the enhancement had been found true. Appellant had the perfect opportunity to call any omission in arraigning or pleading to the trial court's attention but did not. Defense counsel apparently knew as well as the court did that Appellant had pled true off the record. This is the exact situation Rule 44.2 was designed to cover.

The court of appeals' opinion holds, in effect, that there must be evidence in the record before this presumption may be honored. In other words, a fact may be presumed true as long as the State proves it true. This misunderstands the nature of a presumption, which is a fact to be presumed without evidence. If it needed evidence, it wouldn't be a presumption.

*Effect of the Judgment*

The judgment in this case also recites that Appellant pled true to the enhancement count. (CR 56) This creates a similar presumption, that the recital is accurate absent direct proof of its falsity. *Breazeale v. State,* 683 S.W.2d 446, 450-51 (Tex.Crim.App. 1984); *Lincoln v. State*, 307 S.W.3d 921, 922 (Tex.App.—Dallas 2010, no pet.). It is to be presumed that a defendant pled to an indictment if the judgment says so. *Sharp, supra*. This presumption applies to enhancements as well. *Warren, supra*, 693 S.W.2d at 415; *Hunt, supra*, 994 S.W.2d at 206.

Again, the defendant must make an issue of this in the trial court in order to show the presumption is untrue. *Id.* This Appellant made no issue of any supposed absence of a plea in the trial court, even given a very direct opportunity to do so. Clearly, Appellant knew he had pled true.

*Sufficient Evidence*

Aside from the presumption, there was sufficient evidence before the trial court to prove that Appellant had been convicted of the prior offense alleged in the indictment. The trial court obviously had evidence in the presentence investigation report, to which the court referred when questioning Appellant about how much of his sentence he had served. Furthermore, Appellant freely admitted that he had been convicted of possession of a controlled substance, the offense alleged in the indictment. Given the fact that an enhancement allegation does not have to be proven with the same precision as guilt, this was sufficient evidence to support the court's finding of true.

> To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. No specific document or mode of proof is required to prove these two elements. There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document… Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction.

*Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex.Crim.App. 2007).

12

Appellant's own testimony proved both the existence of a prior conviction and that he was linked to it. He had, in fact, served time for that conviction. Added to the information available to the court in the PSI report, this sufficed to prove the prior conviction.

That Appellant didn't remember the exact year of his conviction is insignificant. He clearly knew the conviction the State alleged. The purpose of an enhancement allegation is simply to give a defendant notice of the prior conviction on which the State intends to rely. "It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986). Proof has been held sufficient where the name of the offense, the date, the cause number, or the state of conviction has varied from the claim in the enhancement count. *See, Freda, supra; Woodward v. State*, No. 04-10-00815-CR, 2011 Tex.App. LEXIS 8706 (Tex.App.—San Antonio 2011, no pet.)(not designated for publication)(name of offense of prior conviction incorrect); *Foster v. State*, No. 04-01-00040-CR, 2002 Tex.App. LEXIS 1081 (Tex. App.—San Antonio 2002, no pet.)(not designated for publication) (enhancement count listed wrong date; affirmed). Appellant does not claim he was unfairly surprised by any variation. *Tenner v. State*, 850 S.W.2d 818, 820 (Tex. App. —El Paso 1993, no pet.). In fact, he clearly was not.

13

The court of appeals held, "The State not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction." *Wood, supra, slip op.* at 6. This holding is contradictory to the teachings of *Flowers, supra. Flowers* says no documentary evidence is required. The Fourth Court says it is. If a defendant's admission that he was previously convicted of the offense alleged for enhancement isn't prima facie evidence of that conviction, what is? *Flowers* says, "Texas substantive law does not require that the fact of a prior conviction be proven in any specific manner…. Any type of evidence, documentary or testimonial, might suffice." 220 S.W.3d at 922. The Fourth Court of Appeals, by contrast, wants to require evidence of a document. Again, this is contrary to the law as stated by this Court.

*Harm*

In addition to all this, failure to read an enhancement count is harmless unless this absence misled the defendant into thinking he was not being charged as a repeat offender. *Linton v. State*, 15 S.W.3d 615, 620-21 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd). As stated above, the purpose of putting an enhancement allegation in the charging instrument is to give the defendant that notice. Reading the enhancement does the same.

Appellant was not misled. His testimony makes clear that he knew he was being charged as a repeat offender, and he was aware of the prior offense being

14

alleged for that purpose. He acknowledged he had been convicted of that offense. Appellant was not misled in any way.

*Conclusion*

This case demonstrates the reasons for the presumptions that should have been applied. Events happen in court known to all the participants that may not be obvious to appellate judges who weren't there. If anything had been done improperly in the trial court, the defense had the perfect opportunity to point that out to the trial judge (which it was required to do to raise this error on appeal). The defense did not take that opportunity. Appellant and his counsel knew he had pled to the enhancement allegation.

Nothing refutes what the judge said in court and what the judgment recites. This is at best a silent record on the issue, which does not provide support for refusing to presume that Appellant pled to the indictment. In this published opinion the Fourth Court of Appeals has imposed a requirement on trial courts not mandated by rules, caselaw, or this Court's holdings.

PRAYER FOR RELIEF

The State prays that this Court will reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Respectfully submitted,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney

Bexar County, Texas

/s/ Jay Brandon

_____

JAY BRANDON
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 3rd Floor
San Antonio, Texas 78204
(210) 335-2418
jay.brandon@bexar.org
State Bar No. 02880500
Attorneys for the State

## CERTIFICATE OF COMPLIANCE

I certify, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure that this document contains 3,006 words.

/s/ Jay Brandon

_____

JAY BRANDON

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing brief was sent by electronic mail to David L. McLane, Attorney for Appellant, and to State Prosecuting Attorney Lisa McMinn, 209 W. 14th Street, Suite 202, Austin TX 78701, on the 7th day of May, 2015.

/s/ Jay Brandon

_____

JAY BRANDON

16

112V9C



**Carlton WOOD, Appellant v. The STATE of Texas, Appellee**

**No. 04-14-00224-CR**

**COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO**

*453 S.W.3d 488*; *2014 Tex. App. LEXIS 13425*

**December 17, 2014, Delivered**
**December 17, 2014, Filed**

**NOTICE:**    PUBLISH

**SUBSEQUENT HISTORY:** Petition for discretionary review granted by *In re Wood, 2015 Tex. Crim. App. LEXIS 483 (Tex. Crim. App., Apr. 22, 2015)*

**PRIOR HISTORY:**    [**1] From the 226th Judicial District Court, Bexar County, Texas. Trial Court No. 2013-CR-3690. Honorable Sid L. Harle, Judge Presiding.

**DISPOSITION:**    REVERSED AND REMANDED.

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Sentencing > Guidelines > Adjustments & Enhancements > General Overview*
*Evidence > Procedural Considerations > Burdens of Proof > Proof Beyond Reasonable Doubt*
*Criminal Law & Procedure > Sentencing > Appeals > Standards of Review > General Overview*
*Criminal Law & Procedure > Preliminary Proceedings > Entry of Pleas > General Overview*
[HN1] To establish a prior conviction for purposes of enhancement, the State must prove two elements beyond a reasonable doubt: the existence of a prior conviction and the defendant's link to that conviction. A defendant's plea of "true" to the enhancement allegation satisfies the State's burden of proof. Absent a plea of "true," the State must prove the two elements by introducing evidence such as the defendant's admission or stipulation, documentary proof, such a a judgment, that contains sufficient information showing the defendant's identity as the person convicted of the prior offense, or testimony by a person with knowledge of the defendant's prior convic-

tion. The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," courts consider all the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. A defendant's plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record.

*Criminal Law & Procedure > Sentencing > Guidelines > Adjustments & Enhancements > General Overview*
*Evidence > Inferences & Presumptions > Presumptions > Presumption of Regularity*
[HN2] A presumption of regularity of a judgment with respect to a prior conviction does not arise until after the State presents prima facie evidence of the conviction to be used for enhancement. When the State fails to make a prima facie showing of an enhancement conviction, the defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction.

*Criminal Law & Procedure > Sentencing > Guidelines > Adjustments & Enhancements > General Overview*
*Criminal Law & Procedure > Sentencing > Appeals > Standards of Review > General Overview*
*Evidence > Procedural Considerations > Weight & Sufficiency*
*Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors > Evidence*

[HN3] A failure of proof on an enhancement allegation is not subject to a harmless error analysis. A sufficiency-of-evidence deficiency can never be considered harmless.

**COUNSEL:** For APPELLANT: David L. McLane, The McLane Law Firm, San Antonio, TX.

For APPELLEE: Jay Brandon, Assistant District Attorney, San Antonio, TX.

**JUDGES:** Opinion by: Rebeca C. Martinez, Justice. Sitting: Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice.

**OPINION BY:** Rebeca C. Martinez

**OPINION**

 [\*489] REVERSED AND REMANDED

On appeal, Carlton Wood asserts there is insufficient evidence to support the enhanced sentence he received for evading arrest with a motor vehicle. We agree and reverse that portion of the judgment and remand for a new punishment hearing.

**BACKGROUND**

Wood was charged by indictment with having committed the third degree felony offense of evading arrest with a vehicle, for which the punishment range is imprisonment for two to ten years. *TEX. PENAL CODE ANN. § 38.04* (West Supp. 2014); *id. § 12.34(a)* (West 2011). The indictment contained an enhancement paragraph alleging that Wood was previously convicted of possession of one to four grams of a controlled substance, Penalty Group 1, on September 23, 2002 in Bexar County, Texas, a third degree felony. [\*\*2] *TEX. HEALTH &SAFETY CODE ANN. § 481.115(a), (c)* (West 2010). If found true, the enhancement would elevate the punishment range for the evading arrest offense to that of second degree felony, i.e., imprisonment for two to twenty years. *TEX. PENAL CODE ANN. § 12.42(a)* (West Supp. 2014); *id. § 12.33(a)* (West 2011). Wood pled not [\*490] guilty to evading arrest, waived his right to a jury trial, and was tried by the court. The trial court found Wood guilty of evading arrest with a vehicle as charged in the indictment. During the punishment phase, the trial court found that the enhancement allegation was "true." The court denied Wood's request for probation and sentenced Wood to four years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. No fine was assessed. Wood timely appealed.

**ANALYSIS**

In a single issue, Wood argues the finding in the judgment that the enhancement paragraph is "true" is without any basis. Wood asserts that because he did not enter a plea of "true" to the enhancement on the record and the State failed to present any evidence to prove up the prior conviction, the trial court erred in finding the enhancement "true." The State argues that because Wood failed to object in the trial court, [\*\*3] a presumption applies that he pled "true" to the enhancement as recited in the judgment.

During the guilt/innocence phase, Wood testified that he previously had "one drug conviction" for which he had been to prison "in the 2000's." Wood provided no details concerning that prior drug conviction, and stressed that he had been to prison only once. On cross-examination, the prosecutor questioned Wood about two prior charges for drug-related offenses: (i) possession of one to four grams of a controlled substance on October 30, 2000; and (ii) possession with intent to deliver four to 200 grams of a controlled substance on February 7, 2002. Wood did not admit to being convicted of either of those charges and no documentary evidence was presented by the State with regard to these alleged charges. The prosecutor did not question Wood about the September 23, 2002 conviction for possession of one to four grams of a controlled substance that was alleged in the enhancement paragraph of the indictment. No documentary proof of that conviction was offered or admitted. After the trial court found Wood guilty of the evading arrest charge, it ordered a pre-sentence investigation report to be prepared [\*\*4] before sentencing.

At the beginning of the punishment hearing, the trial court stated on the record, "[t]he enhancement was found true." The court did not take Wood's plea of "true" or "not true" to the enhancement on the record. During the hearing, the court did not specify whether its finding that the enhancement was "true" was based on a plea of "true" (which does not appear in the record) or on other proof of the prior conviction alleged in the indictment. No objection was raised by Wood. After the court's statement that "the enhancement was found true," the following discussion occurred between the trial court, Wood, and defense counsel with regard to how much time Wood served on the prior conviction:

> THE COURT: How long did you actually serve on that six-year term, Mr. Wood?
>
> DEFENDANT: The full six years, Your Honor.
>
> THE COURT: How come?
>
> DEFENSE COUNSEL: No, you were on parole for three years.

DEFENDANT: For three.

THE COURT: So you did three.

DEFENDANT: Be specific, yes. Three on parole and three.

The State argues that it is apparent from the above exchange that Wood and his counsel were on notice the State was seeking an enhancement, were aware of the details of the prior conviction used [**5] for the enhancement, and were not surprised [*491] or prejudiced by the court's finding that the enhancement was "true" -- as evidenced by Wood's failure to object which the State asserts waived any error. *See Marshall v. State, 185 S.W.3d 899, 902-03 (Tex. Crim. App. 2006)* (defendant is on notice that State is seeking greater penalty when enhancement is contained in indictment and not waived, and specific trial objection is necessary to preserve error due to court's failure to read enhancement allegation and take defendant's plea). The State's argument misses the mark because Wood is not complaining that he failed to receive proper notice of the prior conviction to be used for enhancement, but, rather, that the State failed to prove the prior conviction.

[HN1] To establish a prior conviction for purposes of enhancement, the State must prove two elements beyond a reasonable doubt: (i) the existence of a prior conviction; and (ii) the defendant's link to that conviction. *Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).* A defendant's plea of "true" to the enhancement allegation satisfies the State's burden of proof. *Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984).* Absent a plea of "true," the State must prove the two elements by introducing evidence such as the defendant's admission or stipulation, documentary proof, e.g., a judgment, that contains sufficient [**6] information showing the defendant's identity as the person convicted of the prior offense, or testimony by a person with knowledge of the defendant's prior conviction. *Flowers, 220 S.W.3d at 921-22.* The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. *Id. at 923.* In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," we consider all the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Prihoda v. State, 352 S.W.3d 796, 807 (Tex. App.--San Antonio 2011, pet. ref'd)* (citing *Isassi v. State, 330 S.W.3d 633, 639 (Tex. Crim. App. 2010)).*

Here, the judgment recites that Wood pled "true" to the enhancement paragraph of the indictment and that the enhancement was found "true." The State argues that "[o]bviously something happened off the record" to support the court's finding that the enhancement was "true," and asserts that both sides as well as the court proceeded as if Wood had pled "true." The State contends that, because Wood did not object in the trial court and the record does not affirmatively show the opposite, we must presume the regularity [**7] of the judgment and its recital that Wood pled "true;" therefore, the State's burden of proof was satisfied by the alleged plea of "true." *See Wilson, 671 S.W.2d at 525-26; TEX. R. APP. P. 44.2(c)(4).* However, a defendant's plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson, 671 S.W.2d at 526; Wise v. State, 394 S.W.3d 594, 598 (Tex. App.--Dallas 2012, no pet.).* As noted, the record does not affirmatively show that Wood entered any plea at all to the enhancement allegation. Without a plea of "true" in the record, we proceed with our analysis by determining whether the State met its burden of proof on the enhancement allegation. *See Wise, 394 S.W.3d at 600; see also Guyton v. State, No. 04-13-00179-CR, 2014 Tex. App. LEXIS 6766, 2014 WL 2917213, at *1 (Tex. App.--San Antonio June 25, 2014, no pet.)* (mem. op., not designated for publication) (in absence of "true" plea in the record, appellate court proceeds as if defendant pled "not true" to enhancement).

[*492] Based on the record before us, we conclude the State wholly failed to establish the September 23, 2002 prior conviction alleged in the enhancement paragraph of the indictment. The State did not introduce a certified copy of the judgment for that offense as is customary, and did not offer any other type of documentary or testimonial proof of the alleged September 23, 2002 conviction. While the State attempted to get [**8] Wood to admit to two other drug charges with different dates, he refused to admit to being convicted for those offenses. Finally, Wood's vague testimony that he had "one drug conviction" for which he went to prison "in the 2000's" was insufficient, without more, to prove up the enhancement allegation in the indictment. *See Prihoda, 352 S.W.3d at 808-09* (listing different types of proof that have been held sufficient to prove a prior conviction for enhancement purposes).

The State not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction. Therefore, contrary to the State's argument, no presumption of regularity attached to the judgment's recitals with respect to the enhancement conviction. *See Fletcher v. State, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007)* ([HN2] presumption of regularity of a judgment with

respect to a prior conviction does not arise until after the State presents prima facie evidence of the conviction to be used for enhancement). When the State fails to make a prima facie showing of an enhancement conviction, as it did here, the defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction. *Id. at 7*. As in the [**9] similar case *Wise*, we do not apply a presumption of regularity in the enhancement proceedings in a way that relieves the State of its burden to prove the enhancement allegations. *Wise, 394 S.W.3d at 599* (citing *Fletcher, 214 S.W.3d at 9*).

Finally, the State asserts that any error in the enhancement proceedings is harmless because the four-year sentence Wood received is within the punishment range for a third degree felony with no enhancement. However, [HN3] a failure of proof on an enhancement allegation is not subject to a harmless error analysis. *Wise, 394 S.W.3d at 600*; *Ex parte Miller, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009)* (noting a sufficiency-of-evidence deficiency can never be considered harmless).

Based on the foregoing reasons, we sustain Wood's issue, reverse the portion of the judgment assessing punishment and remand for a new punishment hearing. *See Wise, 394 S.W.3d at 600-01*.

Rebeca C. Martinez, Justice

PUBLISH

********** Print Completed **********

Time of Request: Thursday, May 07, 2015  09:38:50 EST

Print Number:   2827:512353809
Number of Lines: 193
Number of Pages:

Send To:  Brandon, Jay
          BEXAR COUNTY CRIMINAL DA'S OFFICE
          300 DOLOROSA FL 5
          SAN ANTONIO, TX 78205-3005