**W.W. WISE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–10–01416–CR.**

Court of Appeals of Texas, Dallas.

Aug. 24, 2012.

Kathleen A. Walsh, Asst. Public Defender, Dallas County Public Defender's Office, Lynn Richardson, Katherine A. Drew, Dallas, for Appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Craig Watkins, Dallas, for Appellee.

Before Justices MOSELEY, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice MURPHY.

The trial court found W.W. Wise guilty of theft of property and assessed punishment, enhanced by two prior felony convictions, at three years' imprisonment. In two points of error, Wise challenges the sufficiency of the evidence to prove his

prior convictions for enhancement purposes and contends his three-year sentence is void because the trial court failed to make findings on the enhancement paragraphs alleged in the indictment. In an additional point of error, he asks this Court to modify the trial court's judgment to reflect a plea of "not true" to the enhancement paragraphs. We affirm the conviction but reverse and remand for a new punishment hearing.

## Background

Wise was charged by indictment with theft of a motor vehicle valued at $1,500 or more but less than $20,000, a state jail felony with a punishment range of confinement for 180 days to two years and an optional fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.35(a), (b) (West Supp.2011); *id.* § 31.03(a), (e)(4)(A) (West Supp.2011). The indictment also contained two enhancement paragraphs, alleging Wise had been convicted of two prior felony offenses—for burglary of a building and theft enhanced. If found true, those enhancement allegations would elevate the punishment range to that of a third degree felony, confinement for two to ten years and an optional fine of up to $10,000. *Id.* §§ 12.34(a), 12.425(a). Wise waived his right to a jury trial and pleaded not guilty to theft of a motor vehicle. After a trial to the bench, the trial court found Wise guilty as charged.

The punishment hearing took place immediately following the trial court's announcement of the verdict. The record of that proceeding shows the trial court did not read the two enhancement paragraphs alleged in the indictment or receive Wise's plea to the enhancement allegations. The record also shows the State did not offer into evidence any exhibits related to the alleged prior felony convictions or call any witnesses with knowledge of Wise's alleged prior convictions. And Wise did not otherwise stipulate he was the individual convicted of the two prior offenses or to the admission of any exhibits. Rather, the entirety of Wise's punishment hearing before the court is as follows:

THE COURT: What was your rec on this?

[Prosecutor]: Your Honor, he's currently on probation for a State Jail Felony offense.

THE COURT: Right.

[Prosecutor]: I would rec four and one. Four on the third degree and one year State Jail on—

THE COURT: Well, I found him not guilty on one of these.

[Prosecutor]: He still has other issues, too.

THE COURT: Oh.

[Prosecutor]: I'm just talking about all of his issues together would be four on the one you found him guilty on, which is a third-degree, *because I do have those pen trips.*

THE COURT: Uh-huh.

[Prosecutor]: And then one on the state jails.

THE COURT: Okay. [Defense counsel]?

[Defense counsel]: Judge, we would recommend that the Court assess the minimum sentence, or if the Court could assess him a probated sentence on this case to go along with the probation as the Court currently has him under.

THE COURT: Okay. Well I'm not deciding the probation revocation thing because I don't even have that up here.

It's the order, judgment, decree of this Court in Cause Number F10–25006, I'm going to sentence you to three years in the Texas Department of Corrections, Institutional Division.

Any legal reason why I can't formally sentence the defendant at this time?

[Defense counsel]: No, Your Honor.

(Emphasis added). The trial court then asked if there was "[a]nything else from the parties," and the proceedings adjourned.

The trial court signed its judgment on October 13, 2010. The judgment reflects a plea of "True" to both enhancement paragraphs and that the trial court found these allegations to be "True."

## Discussion

■ In his first two points of error, Wise complains the evidence is insufficient to establish the two prior felony convictions used to enhance his sentence and therefore, his three-year sentence is void because it is outside the punishment range for a state jail felony. In reviewing a challenge to the sufficiency of the evidence, we consider all the evidence in the light most favorable to the trier of fact's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Littles v. State,* 726 S.W.2d 26, 30 (Tex.Crim.App. 1984) (op. on reh'g).

■ To establish a prior conviction for sentence enhancement purposes, the State must prove beyond a reasonable doubt that the prior conviction exists and the defendant is linked to that conviction. *Flowers v. State,* 220 S.W.3d 919, 921 (Tex. Crim.App.2007); *Beck v. State,* 719 S.W.2d 205, 210 (Tex.Crim.App.1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."). No specific document or type of proof is required. *See Flowers,* 220 S.W.3d at 921. Rather, "the State may prove both of these elements in a number of different ways." *Id.* For example, the State can meet its burden by introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* at 921–22. The State's burden of proof also is satisfied when a defendant pleads "true" to the enhancement allegation. *See Wilson v. State,* 671 S.W.2d 524, 525 (Tex.Crim.App. 1984) (plea of "true" constitutes evidence and sufficient proof to support enhancement allegation); *Lugo v. State,* 299 S.W.3d 445, 455 (Tex.App.-Fort Worth 2009, pet. ref'd). The fact that a defendant entered a plea of "true," however, "must be affirmatively reflected by *evidence* in the record." *Wilson,* 671 S.W.2d at 526. Once a defendant pleads "true" to an enhancement allegation, he cannot thereafter complain the evidence is insufficient to support it. *Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Crim.App.1981) (op. on reh'g).

■ Once the State provides prima facie evidence of an enhancement conviction, we presume the regularity of the judgment related to that prior conviction. *See Fletcher v. State,* 214 S.W.3d 5, 8 (Tex.Crim.App.2007). The burden then shifts to the defendant to make an affirmative showing of any defect in that judgment. *Randall v. State,* 735 S.W.2d 678, 681 (Tex.App.-Dallas 1987, no pet.). If the State fails to make a prima facie showing, the defendant has no burden to carry nor is he obligated to complain about or object to any defect in the judgment concerning the alleged prior conviction. *Fletcher,* 214 S.W.3d at 7 (citing *Jones v. State,* 711 S.W.2d 634, 636 (Tex.Crim.App.1986)).

■ Wise contends there is a "total absence of any evidence pertaining to his prior convictions" as alleged in the indict-

ment, and because he did not plead "true" to the enhancements or stipulate to the prior convictions, the State failed to meet its burden of proving the enhancement allegations beyond a reasonable doubt. The State responds that although the reporter's record does not include Wise's plea to the enhancement paragraphs, the recitals in the trial court's judgment reflect that Wise pleaded "true" to both enhancement paragraphs. The State claims "a recital in the judgment" satisfies the requirement set out in *Wilson v. State* that a defendant's plea of "true" be affirmatively reflected by evidence in the record. The State maintains we must "presume the regularity of these proceedings," and because Wise entered pleas of "true" to the enhancement paragraphs, the State "was not required to present more proof of the prior convictions alleged in the indictment."

In support of its argument that judgment recitals—in this case, that pleas of "true" to the enhancement paragraphs were received by the court—are presumed to be true, the State cites *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984) (op. on reh'g), which involved waiver of a defendant's right to a jury trial. As granted by various constitutional and statutory provisions, a defendant has the option to choose whether his trial is before a jury or the court. *See* TEX. CONST. art. I, §§ 10, 15; TEX.CODE CRIM. PROC. ANN. arts. 1.12, 1.13(a) (West Supp.2011). When a defendant waives his right to a jury trial, article 1.13 of the Texas Code of Criminal Procedure prescribes the manner in which that waiver must be executed. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a). In *Breazeale*, other than the recitations in the formal judgments, the record was silent about whether the defendants formally waived their jury-trial right. *See Breazeale*, 683 S.W.2d at 449. And because there was no showing that *no* waiver was executed, the Texas Court of Criminal Appeals determined that in the absence of such a showing, the recitals created a presumption of regularity. *Id.*

Unlike the State's burden here—to prove enhancement allegations beyond a reasonable doubt—the State bears no burden at trial with respect to the execution of a defendant's jury-trial waiver. *See* TEX.CODE CRIM. PROC. ANN. art. 1.13(a). Therefore, the court's application of the presumption in *Breazeale* did not operate to relieve the State of a burden of proof. Although compliance with that statute is mandatory, if the waiver of a jury trial is not documented in the record, "nothing more is implicated ... than an alleged failure in the trial court to conform to statutory prescriptions for showing a waiver of jury trial." *Breazeale*, 683 S.W.2d at 452 (Clinton, J., concurring). In contrast, enhancement allegations, if proved, operate to increase the punishment range of a defendant. *See* TEX. PENAL CODE ANN. § 12.42(d). If the State's proof or a defendant's plea of "true" is not somehow documented in the record, the defendant's punishment could be enhanced based on prior convictions the State did not prove. *See Wilson*, 671 S.W.2d at 526 (defendant's plea of true must be affirmatively reflected by evidence in record). We decline to apply a presumption of regularity in the proceedings in a way that relieves the State of its burden to prove the enhancement allegations beyond a reasonable doubt, especially when, as here, the State had the opportunity to introduce such proof at the punishment hearing. *See Fletcher*, 214 S.W.3d at 9.

We also cannot accept the recitals that Wise pleaded "true" to the enhancement paragraphs as accurate given the record before us. The State asserts the record is silent because there is nothing in the rec-

ord to indicate when Wise's pleas to the enhancement paragraphs were taken by the court, and because a "silent record will not suffice as an affirmative showing," the State maintains the presumption of regularity is not overcome. But we do have a transcription of the punishment hearing at which no plea to either enhancement paragraph was taken by the court. *Cf. Henry v. State*, 331 S.W.3d 552, 555 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (only indication in record appellant pleaded "true" to enhancements was recitals in court's judgment, and because record contained no evidence of plea to enhancement allegation, case analyzed as one in which appellant pleaded "not true"). The record shows that during the punishment hearing, the State sought an elevated sentence of four years because the State had "those pen trips." The record also shows the "pen trips" were not introduced into evidence by the State, and the State did not introduce any other evidence to establish the existence of the prior convictions and Wise's identity as the person convicted. *See Flowers*, 220 S.W.3d at 921–22. A vague reference to "pen trips" is not sufficient evidence to support the enhancement allegations in the indictment. In addition, there is nothing in the record to suggest Wise stipulated to any prior offenses or to the admission of these "pen trips" into evidence. And at no time during the punishment hearing did the parties represent to the court that Wise pleaded "true" to the allegations. *Cf. Perryman v. State*, No. 08–10–00193–CR, 2011 WL 3849468, at *3 (Tex.App.-El Paso Aug. 31, 2011, pet. ref'd) (not designated for publication) (noting plea of true may be shown by recital in judgment but record also reflected counsel's representations to court that defendant previously pleaded true).

 When the State seeks to enhance a defendant's sentence for the primary offense by alleging he has a prior conviction and there is no indication in the record that the defendant pleaded "true," the trier of fact must decide whether the State has sustained its burden by entering a finding that the enhancement allegation is either true or not true. *Jordan v. State*, 256 S.W.3d 286, 292 (Tex.Crim.App.2008). On this record, we conclude the State failed to meet its burden; therefore Wise's punishment was enhanced based on convictions the State did not prove. Such a failure of proof is not subject to a harmless error analysis. *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex.Crim.App.2009); *Jordan*, 256 S.W.3d at 292–93. We sustain Wise's first point of error.

 Based on the State's failure to prove the two enhancement allegations, the punishment range for Wise's conviction was that of a state jail felony, confinement in state jail for 180 days to two years and an optional fine of up to $10,000. TEX. PENAL CODE ANN. § 12.35(a). Thus, the three-year sentence assessed in this case was outside the maximum range of punishment and is void. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App.2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex.Crim. App.1999) ("[A] defendant has an absolute and nonwaiveable right to be sentenced within the proper range of punishment."). We also sustain Wise's second point of error.

 Wise asserts that on remand, we should issue an instruction that the State may not rely on the prior convictions for the offenses of burglary of a building and felony theft as enhancement paragraphs. But when, as here, the State fails to present sufficient evidence to support the enhancement allegations, the proper remedy is to reverse and remand to deter-

mine proper punishment during which the State may present evidence of the existence of Wise's prior convictions and that the defendant is linked to those convictions. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp.2011); *see also Williams v. State,* 309 S.W.3d 124, 131 (Tex.App.-Texarkana 2010, pet. ref'd). In this instance, "the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment." *Jordan,* 256 S.W.3d at 292 (citing *Monge v. California,* 524 U.S. 721, 734, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998)).

Having concluded Wise must receive a new sentencing hearing, we do not reach the merits of his third point of error. Accordingly, we affirm the trial court's judgment of conviction but reverse that portion of the judgment assessing punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b). We remand this case for a new trial on punishment.