Order issued September 10, 2012



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-10-01416-CR

**W. W. WISE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F10-25006-Y

## ORDER

Appellant W. W. Wise was convicted of theft of a motor vehicle valued at $1,500 or more

but less than $20,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West

Supp. 2012). The trial court assessed punishment, enhanced by two prior felony convictions, at three

years' confinement. *Id.* §§ 12.34(a), 12.425(a). On August 24, 2012, this Court affirmed Wise's

conviction but reversed that portion of the judgment assessing punishment and remanded the case

for further proceedings pursuant to article 44.29(b) of the Texas Code of Criminal Procedure. *See*

*Wise v. State*, No. 05-10-01416-CR, 2012 WL 3631244, at *5 (Tex. App.—Dallas Aug. 24, 2012,

no pet. h.).

On August 30, 2012, Wise filed a motion for personal bond pending final determination of

appeal in which he asserts he is entitled to release from the Dallas County Jail pursuant to article

44.04(h) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). Article 44.04(h) of the code of criminal procedure, however, entitles a defendant to release on reasonable bail only if his "conviction is reversed by a decision of a Court of Appeals." *Id.* Here, this Court affirmed Wise's conviction but reversed for a new trial on punishment. Consequently, Wise is not entitled to be released on bond. His motion for personal bond pending final determination of appeal therefore is **DENIED**.

_____
MARY MURPHY
JUSTICE