

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00431-CR

Julian Cedrick **BELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8623
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 7, 2013.

REVERSED AND REMANDED FOR NEW PUNISHMENT HEARING

A jury convicted Julian Cedrick Bell of murder, and the trial court sentenced him to life imprisonment. On appeal, Bell contends the trial court erred in denying his motion for new trial because the State failed to disclose exculpatory evidence and the jury improperly shifted the burden of proof to him. Bell further contends the record contains no evidence to support the enhancement allegation and the sentence imposed by the trial court is cruel and unusual punishment. We sustain Bell's issue regarding the enhancement allegation, but overrule his remaining issues. The trial court's judgment of conviction is affirmed, but the portion of the judgment imposing sentence is

reversed.  The cause is remanded to the trial court for a new punishment hearing.  *See* TEX. CODE CRIM. PROC. ANN. art.  44.29(b) (West Supp. 2012).

## MOTION FOR NEW TRIAL

Bell contends the trial court erred in denying his motion for new trial.  "We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).  "'We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary and unreasonable.'" *Id.* (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)).  "A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling." *Id.*

*Exculpatory Evidence*

The first ground on which Bell contends the trial court erred in denying his motion for new trial is that the State failed to disclose exculpatory evidence, specifically the testimony of James Carl Scott.  At the hearing on Bell's motion for new trial, Scott testified he was present in the hotel room when the victim, Jason Ross, was shot.  He testified several people were going in and out of the room before the shooting and that Ross was shot when he answered a knock at his door.  After the first shot, Scott dove behind the bed and ran into the restroom.  Two other men also took cover in the restroom, but Scott stated he did not know them.  Scott believed he was the last person to leave the room after the shooting.

Scott did not see who shot Ross and did not recall whether Bell came into the room that day.  Scott testified he informed the State of the events he observed when he was interviewed. Scott testified the investigators who interviewed him a second time became upset.  They stated Scott identified Bell as the shooter during his first interview, but that Scott was changing his story and refusing to identify the shooter in the second interview.

During trial, two other men testified, who had been present in the room when Ross was shot. One of the men identified Bell as the shooter, while the other man did not see the shooter. Another witness, who was standing in the breezeway outside his room located several doors down from Ross's room, also identified Bell as the shooter. At the conclusion of the hearing on the motion for new trial, Bell's attorney argued Scott's testimony contradicted the other witnesses' testimony. The trial court disagreed and denied the motion.

"The standard under *Brady v. Maryland*[1] is that the prosecutorial suppression of exculpatory evidence violates due process when the evidence is material either to guilt or to punishment." *Hayes v. State*, 85 S.W.3d 809, 814 (Tex. Crim. App. 2002). *Brady* applies only in situations where the information was known to the prosecutor but unknown to the defense. *Id*. at 815. In this case, Bell's attorney referred to Scott and his testimony in her opening statement to the jury. Accordingly, *Brady* would not apply because the information about which Bell now complains was known to the defense. Moreover, in order to prevail on a *Brady* claim, Bell must show: (1) the State failed to disclose evidence; (2) the withheld evidence is favorable to Bell; and (3) the evidence is material, "that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In this case, the trial court determined Scott's testimony was generally consistent with the testimony of the other witnesses, and the record reasonably supports that finding. Because Scott's testimony was generally consistent with the other witnesses, the trial court did not abuse its discretion in determining no reasonable probability exists that the outcome of the trial would have been different if the evidence had been disclosed. *See id*.

---

[1] 373 U.S. 83 (1963).

*Shifting of Burden of Proof*

Bell also contends the trial court erred in denying his motion for new trial because the jury shifted the burden of proof to him to prove his innocence. In support of this claim, Bell refers to the affidavit of his defense counsel which was attached to his motion for new trial. In the affidavit, his defense counsel stated she interviewed the jury members after the verdict was reached, and one of the jurors stated the jury was waiting for the defense team to put on evidence. Other jury members shook their head in agreement.

Defense counsel, however, did not introduce the affidavit into evidence at the hearing on the motion for new trial. Therefore, we do not consider the affidavit as evidence because it was not before the trial court. *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009); *Rodriguez v. State*, 336 S.W.3d 294, 301 n.3 (Tex. App.—San Antonio 2010, pet. denied). Accordingly, the trial court did not abuse its discretion in denying the motion for new trial with regard to this ground. Moreover, "[t]he trial court is free to disbelieve an affidavit, especially one unsupported by live testimony," and, under an abuse of discretion standard of review, we would defer to the trial court's evaluation of the evidence. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012).

Bell's first three issues are overruled.

### ENHANCEMENT ALLEGATION

Bell's indictment contained an enhancement allegation alleging Bell was convicted of the felony offense of possession of a controlled substance before the commission of the murder offense. Bell contends the record contains no evidence to support this allegation. Having reviewed the record, we agree with Bell that no evidence was introduced to support the enhancement allegation.

The State responds that the judgment recites Bell pled true to the enhancement so we must presume Bell entered such a plea. We disagree. The presumption of regularity in proceedings

does not apply to relieve the State of its burden to prove enhancement allegations beyond a reasonable doubt, "especially when, as here, the State had the opportunity to introduce such proof at the punishment hearing." *Wise v. State*, 394 S.W.3d 594, 599 (Tex. App.—Dallas 2012, no pet.). Moreover, we cannot accept the recital in the trial court's judgment that Bell pled true to the enhancement allegation given that the reporter's record from the punishment hearing contains no such plea. *Id*. at 599-600; *Henry v. State*, 331 S.W.3d 552, 555 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The State further responds that the trial court sentenced Bell within the range of punishment for a non-enhanced first degree felony; therefore, the absence of evidence to support the enhancement allegation is harmless. Because the State failed to meet its burden of proving the enhancement allegation beyond a reasonable doubt, "there is no way to quantify what impact the unsupported finding of true had on the [trial court's] normative sentencing function." *Jordan v. State*, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008). "Accordingly, any attempt to calculate how the [trial court] exercised its normative function in assessing [Bell's] sentence would necessarily entail pure speculation." *Id*. "Under these circumstances, the State's failure to meet its burden of proof, even if subjected to a harm analysis, can never be deemed harmless." *Id*.

Because the record contains no evidence to support the enhancement allegation, we sustain Bell's fourth issue.

**CRUEL AND UNUSUAL PUNISHMENT**

In his final issue, Bell contends his sentence constituted cruel and unusual punishment. The record, however, does not contain any objection made by Bell at trial with regard to his sentence, and Bell did not raise this complaint in his motion for new trial. Therefore, this issue is not preserved for our review. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Battle v. State*, 348 S.W.3d 29, 30-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

**CONCLUSION**

The judgment of conviction is affirmed. Because the State failed to prove the enhancement allegation beyond a reasonable doubt, the portion of the trial court's judgment imposing sentence is reversed, and the cause is remanded to the trial court for a new punishment hearing.

Luz Elena D. Chapa, Justice

Do Not Publish