

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00431-CR

Julian Cedrick **BELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8623
Honorable Raymond Angelini, Judge Presiding

**SUPPLEMENTAL OPINION ON MOTION FOR REHEARING**

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 18, 2013

MOTION FOR REHEARING DENIED

The original judgment in the underlying cause recited that Julian Cedrick Bell pled true to the enhancement allegation in the indictment and that the trial court found the enhancement allegation to be true.  In our initial opinion, which issued on August 7, 2013, we held the record contained no evidence to support the enhancement allegation, and we remanded the underlying cause for a new punishment hearing.  On August 8, 2013, the trial court signed an amended

judgment reciting "N/A" with regard to the plea to the enhancement allegation and "N/A" with regard to the trial court's finding on the enhancement allegation.

The State has filed a motion for rehearing, asserting "What in fact happened in this case is that the State waived the enhancement count silently."[1] By signing the amended judgment imposing the same sentence, the State asserts the trial court has demonstrated that it never considered the enhancement allegation in assessing the sentence. Bell has filed a response to the State's motion, asserting the trial court was without authority to enter the amended judgment and requesting that the State's motion be denied.

With regard to the amended judgment, we agree with Bell that the trial court was without the authority to enter the amended judgment. Rule 25.2(g) of the Texas Rules of Appellate Procedure states:

> Once the record has been filed in the appellate court, all further proceedings in the trial court — except as provided otherwise by law or by these rules — will be suspended until the trial court receives the appellate court mandate.

TEX. R. APP. P. 25.2(g). Because the record clearly had been filed in this appeal before the trial court entered the amended judgment, the trial court was without authority to enter the amended judgment because this court's mandate has not issued. *Id*.; *see also Green v. State*, No. 03-12-00225-CR, 2012 WL 6097308, at *1, n.1 (Tex. App.—Austin Dec. 6, 2012, pet. struck) (not designated for publication) (noting trial court lacked authority to enter nunc pro tunc). Therefore, the amended judgment is a nullity and cannot be considered by this court.

---

[1] We note the State's argument is contrary to the argument made in its brief. Whether to consider a new argument raised for the first time in a motion for rehearing is a decision left to the sound discretion of the court of appeals. *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990); *Resendez v. State*, 256 S.W.3d 315, 329-30 (Tex. App.—Houston [14th Dist.] 2007), *rev'd on other grounds*, 306 S.W.3d 308 (Tex. Crim. App. 2009). Because the State raises the waiver argument for the first time in its motion for rehearing, and the record contains no express waiver, we decline to address this issue.

The State also contends that this court has the authority to reform the trial court's judgment. As noted in our original opinion, the record does not reflect that Bell entered a plea of true to the enhancement allegation. Because the record does not reflect that Bell pled true, "the trier of fact must decide whether the State has sustained its burden by entering a finding that the enhancement allegation is either true or not true." *Wise v. State*, 394 S.W.3d 594, 600 (Tex. App.—Dallas 2012, no pet.). In this case, the record does not contain any evidence to support a finding of true on the enhancement allegation; therefore, based on the record, the State failed to meet its burden. *Id*. From the record that is properly before us, however, we cannot conclude that the trial court did not find the enhancement allegation to be true because the judgment recites that the finding was made, and the trial court would not be required to state such a finding in the reporter's record. Accordingly, we do not have the authority to reform the trial court's judgment with regard to the trial court's finding on the enhancement allegation. *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (evidence necessary to correct the judgment must appear in the record); *McCallum v. State*, 311 S.W.3d 9, 19 (Tex. App.—San Antonio 2010, no pet.) (appellate court must have necessary data and information in order to reform a trial court judgment).

The State's motion for rehearing is denied.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH