FILED IN
COURT OF CRIMINAL APPEALS

June 5, 2015

ABEL ACOSTA, CLERK

PD-0061-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 12:54:47 PM
Accepted 6/5/2015 1:45:39 PM
ABEL ACOSTA
CLERK

NO. PD-0061-15

_____

IN THE COURT OF CRIMINAL APPEALS

_____

CARLTON WOOD, Appellant

VS.

STATE OF TEXAS, Appellee

_____

On Petition for Discretionary Review in Cause No. 04-14-00224-CR,
Fourth Court of Appeals and
On Appeal from Cause No. 2013 CR 3690
226TH Judicial District Court
Bexar County, Texas

**RESPONDENT'S BRIEF ON THE MERITS
FOLLOWING GRANTING OF THE STATE'S
PETITION FOR DISCRETIONARY REVIEW**

DAVID L. MCLANE
9901 IH-10 West, Ste. 695
San Antonio, Texas 78230
(210) 736-9966
(210) 547-7932 fax
dlmclanelaw@yahoo.com
State Bar No. 00795517

**ATTORNEY FOR
APPELLANT**

1

## IDENTITY OF PARTIES AND COUNSEL

In accordance with TEX. R. APP. P. 38.1(a), and for purposes of disqualification and/ or recusal of members of this Honorable Court, the following is a list of those parties involved in the instant cause:

1.   Hon. Sid Harle, Judge, 226th Judicial District Court

2.   Carlton Wood, Defendant/ Appellant

3.   Mr. Edward A. Bartolomei, Attorney for Defendant, SBN:  01852470
        420 Baltimore Ave., San Antonio, Texas 78215
        (210) 225-0393

4.   Ms. Robbie L. Ward, Attorney for Defendant, SBN:  24033435
        420 Baltimore Ave., San Antonio, Texas 78215
        (210) 225-0393

5.   David L. McLane, Attorney for Defendant/Appellant, SBN: 00795517
        9901 IH 10 West, Ste. 695, San Antonio, Texas 78230
        (210) 736-9966

6.   Jay Brandon SBN:  02880500; Stacy Esterak, SBN:  24065743, Nicolas "Nico" LaHood, Bexar County District Attorney, Attorney for State of Texas/ Appellee
        101 W. Nueva, Third Floor, San Antonio, Texas 78205
        (210) 335-2311

7.   Clayton Haden, Attorney for State of Texas/ Appellee, SBN: 24026918
        101 W. Nueva, Third Floor, San Antonio, Texas 78205
        (210) 335-2311

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                2

TABLE OF CONTENTS                              3

INDEX OF AUTHORITIES                           5

STATEMENT OF THE CASE                          6

STATEMENT OF PRECEDURAL HISTORY                6

GROUNDS FOR REVIEW                             7

GROUND FOR REVIEW ONE:
THE COURT OF APPEALS ERRED BY REFUSING
TO APPLY A PRESUMPTION THAT THE DEFENDANT
PLED TRUE TO THE ENHANCEMENT

RESPONSE TO GROUND FOR REVIEW ONE:
THE COURT OF APPEALS PROPERLY HELD THAT A PLEA OF
TRUE TO THE ENHANCEMENT PARAGRAPH MUST BE
AFFIRMATIVELY REFLECTED IN THE RECORD AND DECLINED
TO IMPOSE A PRESUMPTION OF REGULARITY UNDER TRAP
44.2(C) AND RELIEVE THE STATE OF THE BURDEN OF PROVING
THE ENHANCEMENT ALLEGATION BEYOND A REASONABLE
DOUBT.

GROUND FOR REVIEW TWO:
WHERE THE TRIAL COUR FINDS AN ENHANCEMENT TRUE AND
THE DEFENDANT DOES NOT OBJECT, THE PRESUMPTION
SHOULD BE APPLIED.

RESPONSE TO GROUND FOR REVIEW TWO:
THE COURT OF APPEALS CORRECTLY FOUND THAT THE
PRESUMPTION OF REGULARITY IN TRAP 44.2(C) APPLIES TO THE
PRESUMPTION THAT A PLEA WAS ENTERED UNLESS SUCH
MATTERS WERE MADE AN ISSUE IN THE COURT BELOW OR
OTHERWISE AFFIRMATIVELY APPEARS TO THE CONTRARY
FROM THE RECORD, AND THAT THE APPELLANT HAD NO

BURDEN TO OBJECT. AND THAT THE STATE FAILED TO PROVE THE ENHANCEMENT ALLEGATIONS BEYOND A REASONABLE DOUBT OR EVEN PROVE PRIMA FACIE EVIDENCE OF SAME.

GROUND FOR REVIEW THREE:
THE EVIDENCE SUPPORTED THE COURT'S FINDING OF TRUE, CONTRARY TO THE COURT OF APPEALS' HOLDING

RESPONSE TO GROUND FOR REVIEW THREE:
THE STATE FAILED TO PROVE THE ENHANCEMENT ALLEGATIONS BEYOND A REASONABLE DOUBT OR EVEN PROVE PRIMA FACIE EVIDENCE OF SAME.

SUMMARY OF THE ARGUMENT                    10

ARGUMENT                                   11

PRAYER FOR RELIEF                          23

CERTIFICATE OF COMPLIANCE                  24

CERTIFICATE OF SERVICE                     24

APPENDIX                          ATTACHMENT

# INDEX OF AUTHORITIES

## TEXAS CASES:

*Breazeale v. State,* 683 SW2d 446, 450-51 (Tex. Crim. App. 1984)...   18

*Campbell v. State*, 49 SW3d 874, 878 (Tex. Crim. App. 2001)……..   15

*Ex Parte Miller*, 330 SW3d 610, 624 (Tex. Crim. App. 2009)……..   20, 22

*Fletcher v. State*, 214 SW3d 5, 9 (Tex. Crim. App. 2007) 13, 16, 17, 19, 22

*Flowers v. State*, 220 SW3d 919, 921 (Tex. Crim. App. 2007)….   14, 16, 22

*Henry v. State*, 331 SW3d 552, 555 (Tex. App.- Houston [14th Dist.] 2011, no pet.)……………………………………………………...17, 18, 22

*Hunt v State*, 994 SW2d 206 (Tex. Crim. App. 1999)……………………..19

*Jordan v State*, 256 SW3d 286, 292- 293 (Tex. Crim. App. 2008)……21, 22

*Sharp v. State*, 707 SW2d 611 (Tex. Crim. App. 1986)…………………..19

*Warren v. State*, 683 SW2d 414 (Tex. Crim. App. 1985)…………….....…19

*Wilson v. State*, 671 SW2d 524, 526 (Tex. Crim. App. 1984)……13, 14, 22

*Wise v. State,* 394 SW3d 594 (Tex. App.- Dallas 2014, no pet.)..12, 14, 17, 18, 22

*Wood v. State* 453, SW3d 488 (Tex. App.- San Antonio, 2014, pet. filed)..6, 16

## TEXAS STATUTES:

Texas Rule of Appellate Procedured 44.2(c)(4)……………..……10, 11, 12, 21
Texas Code of Criminal Procedure Art. 36.01 ………………………………12
Tex. Penal Code Ann. 2.01…………………………………………………...12
Tex. Penal Code Ann. 12.42(a).  ………………………………………………15
Tex. Penal Code Ann. 12.42(d)………………….………………………16, 18

STATEMENT OF THE CASE

Appellant Carlton Wood was charged with evading arrest/ vehicle. The Appellant waived a jury, and tried the case to the bench on February 3, 2014. The indictment, which contained the enhancement paragraph, (CR-5) was read at the beginning of the trial. Although the enhancement allegation was not read, Appellant did not object, or raise the failure of the enhancement paragraph being read as an issue on appeal. Carlton Wood pleaded not guilty (RR p 3, ln 7-18) to the indictment. Afterward, a bench trial was had and Appellant was found guilty. The Court held a punishment hearing on March 26, 2014. At the beginning of the punishment hearing, prior to any testimony being elicited, without Appellant entering a plea of true, or any documentary proof being offered by the state, the court announced that the enhancement count had been found true. A 5-minute punishment hearing was held and the Court sentenced Appellant to four years imprisonment.

STATEMENT OF PROCEDURAL HISTORY

On December 17, 2014, the Fourth Court of Appeals reversed the judgment assessing punishment in this case and remanded the case to the trial court for a new punishment hearing. The published opinion is by

6

Justice Rebecca Martinez, joined by Justices Alvarez and Chapa. *Wood v. State* 453, SW3d 488 (Tex. App.- San Antonio, 2014, pet. filed).

This Court granted the State's petition for discretionary review oral argument not permitted, on April 22, 2015. The State filed its brief on the merits on May 7, 2015. This Response to the State's Brief is timely filed.

**<u>GRANTED GROUNDS</u>**

<u>GROUND FOR REVIEW ONE:</u>
THE COURT OF APPEALS ERRED BY REFUSING
TO APPLY A PRESUMPTION THAT THE DEFENDANT
PLED TRUE TO THE ENHANCEMENT

<u>RESPONSE TO GROUND FOR REVIEW ONE:</u>
THE COURT OF APPEALS PROPERLY HELD THAT A PLEA OF
TRUE TO THE ENHANCEMENT PARAGRAPH MUST BE
AFFIRMATIVELY REFLECTED IN THE RECORD AND DECLINED
TO IMPOSE A PRESUMPTION OF REGULARITY UNDER TRAP
44.2(C) AND RELIEVE THE STATE OF THE BURDEN OF PROVING
THE ENHANCEMENT ALLEGATION BEYOND A REASONABLE
DOUBT.

<u>GROUND FOR REVIEW TWO:</u>
WHERE THE TRIAL COURT FINDS AN ENHANCEMENT TRUE AND
THE DEFENDANT DOES NOT OBJECT, THE PRESUMPTION
SHOULD BE APPLIED.

<u>RESPONSE TO GROUND FOR REVIEW TWO:</u>
THE COURT OF APPEALS CORRECTLY FOUND THAT THE
APPELLANT HAD NO BURDEN TO OBJECT TO THE COURT'S
FINDING OF TRUE TO THE ENHANCEMENT ALLEGATIONS.

<u>GROUND FOR REVIEW THREE:</u>
THE EVIDENCE SUPPORTED THE COURT'S FINDING OF TRUE,
CONTRARY TO THE COURT OF APPEALS' HOLDING

THE STATE FAILED TO PROVE THE ENHANCEMENT
ALLEGATIONS BEYOND A REASONABLE DOUBT OR EVEN
PROVE PRIMA FACIE EVIDENCE OF SAME.

## OBJECTIONS TO STATE'S BRIEF ON THE MERITS

Appellant objects to the State's Brief on the grounds that the State seeks to introduce evidence not contained in the record and have this Court make its determination by considering such evidence. The State does so on page 7 of its brief by stating "It is clear from the record that Appellant pled true to the enhancement paragraph off the record," and in referencing "a presentence investigation report, which the court had reviewed (RR3 3), but which is not in the record." The state does so again on page 8 by stating "The PSI report obviously contained information the Court read which is not in the record." The State does so again on page 11 stating "Defense counsel apparently knew as well as the court did that Appellant had pled true off the record." The State does so again on page 12 stating "Clearly Appellant knew he had pled true," and that "the trial court obviously had evidence in the presentence investigation report." The state does so again on page 13 stating "Added to the information available to the court in the PSI report, this sufficed to prove the prior conviction," and that "he [Appellant] clearly knew the conviction the State alleged." The State does so again on page 15

8

by stating "This case demonstrates the reasons for the presumption that should have been applied. Events happen in court known to all the participants that may not be obvious to appellate judges who weren't there…Appellant and his counsel knew he had plead to the enhancement allegation." Appellant objects to all the above statements as there is nothing in the record which states this, supports this, or otherwise properly places these contentions before this Court. The PSI was not admitted into evidence and is not properly before this Court, is not contained in the record and should not be considered. The State's above statements amount to nothing more than surmise and conjecture and speculation by an appellate attorney who was not present at the sentencing hearing, and are in fact false statements of the events that occurred at the sentencing hearing, which is additionally objectionable as counsel testifying. Appellant moves to strike all the above statements and references in the State's Brief and moves for this Court to completely disregard same as they are not contained in or part of the record in this case.

## SUMMARY OF THE ARGUMENT

The Fourth Court of appeals found that the State failed to prove even a prima facie case in support of the enhancement allegations in the indictment. The State seeks to have this Court impose the presumption

found in Texas Rule of Appellate Procedure (TRAP) 44.2(c)(4) that defendant has plead to an indictment, and to make the extraordinary leap that said plea must be a plea of "True" to the enhancement allegation, when the plea could have just as likely been a plea of "Not True," especially in light of the "Not Guilty" plea entered by Appellant to the indictment which placed the burden directly upon the state to prove each allegation of the indictment, including the enhancement paragraph, beyond a reasonable doubt. The Court of Appeals correctly found that a plea of true to an enhancement paragraph must be affirmatively reflected by evidence in the record. This record contains no such evidence.

The State also contends that the Appellant had the burden of objecting to the Trial Court's finding the enhancement paragraph True. The Court of Appeals correctly found that the Appellant in fact had no burden or obligation to object to the Court's finding of True.

Finally, the State argues that the Appellant did not suffer any harm by the State's failure to read the enhancement count. The State misses the mark in this argument in that Appellant has not raised issue as to the State's failure to read the enhancement paragraph, but instead has raised the issue that the State has failed to prove the enhancement paragraph beyond a

reasonable doubt. Such a failure of proof is not subject to a harmless error analysis.

**ARGUMENT**

The Court of Appeals properly held that a plea of True to the enhancement paragraph must be affirmatively reflected in the record and declined to impose a presumption of regularity under TRAP 44.2(c)(4) and relieve the state of the burden of proving the enhancement allegation beyond a reasonable doubt. The Court of Appeals correctly found that the appellant had no burden to object to the Court's finding of True to the enhancement allegations. The state failed to prove the enhancement allegations beyond a reasonable doubt or even prove prima facie evidence of same.

The State argues that this Court should apply the presumption found in TRAP 44.2(c)(4) finding "Unless the following matters were disputed in the trial court, *or unless the record affirmatively shows the contrary*, the court of appeals must presume…(4) that the Defendant pleaded to the Indictment or other charging instrument" (emphasis added.) It is undisputed that the Appellant, the Defendant in the underlying cause, plead "Not Guilty" to the indictment. (RR p 3, ln 7-18). However, the State would have the Court make the unsupported, mind-bending legal conclusion that the plea so entered must be therefore be presumed to be a plea of "True" to

the enhancement paragraph. The presumption in TRAP 44.2 (c)(4) is that the Defendant pleaded to the Indictment. However, the plea could be a plea of Not Guilty, Nolo Contendre, or Guilty and still comply with the presumption of regularity of TRAP 44.2 (c)(4). Likewise, a plea of Not True comports with the presumption of regularity as does a plea of True to an enhancement allegation. However, when the enhancement allegation is contained in the indictment, and the indictment is read at the beginning of trial, as was done in this case, and the Defendant affirmatively pleas on the record "not guilty," the presumption of regularity is fulfilled and TRAP 44.2(c)(4) is satisfied by proof in the record. Once the Appellant entered his plea of "not guilty" to the indictment, even though the State failed to read the entire indictment, the State was put to task to prove the allegations contained in the indictment beyond a reasonable doubt. *See,* Texas Code of Criminal Procedure Art. 36.01 and Texas Penal Code 2.01. Additionally, the Courts have declined to impose a presumption of regularity under TRAP 44.2(c)(4) and relieve the State of its burden of proving enhancement allegations beyond a reasonable doubt. *Wise v. State,* 394 SW3d 594 (Tex. App.- Dallas 2014, no pet.); *Fletcher v. State*, 214 SW3d 5, 9 (Tex. Crim. App. 2007).

Additionally, the State complains that the Court should presume, and therefore find, that Appellant pled true to the enhancement allegation because Defendant failed to object to the court's finding of true at sentencing. However, the State ignores that it failed to provide prima facie evidence of an enhancement conviction, as expressly stated by the Fourth Court of Appeals. The State had both the burden and the opportunity to present prima facie evidence of the Appellants prior conviction for enhancement purposes, and it wholly failed to do so. Appellant's plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson v. State*, 671 SW2d 524, 526 (Tex. Crim. App. 1984); *Wise*, 394 SW3d at 598. (The Court should note that *Wilson* has been followed numerous times post the 1986 promulgation of the Texas Rules of Appellate Procedure, thereby nullifying the State's argument that said promulgation overrules *Wilson, sub silentio.*). No evidence in the record reflects Appellant's plea of "True" to the enhancement allegation. The State clearly recognizes this as fact and thus resorts to attempts to direct the Court's attention to allegations of evidence outside the record, to which Appellant re-urges his objection. *See, Objections to State's Brief, supra.* As noted in the Fourth Court's opinion, the record does not affirmatively show that Wood entered any plea at all to the enhancement allegation specifically,

13

only that he pled "not guilty" to the indictment which contained the enhancement allegation. In light of his plea of "not guilty" to the indictment, which contains the enhancement paragraph, it legally follows, and the court should interpret his plea as such, that Wood plead "not true" as well to the enhancement paragraph. Without a plea of "true" in the record, the Court must proceed with the analysis as to whether the state met its burden of proof on the enhancement allegations. *See, Wise*, 394 SW3d at 600. The State must prove two elements beyond a reasonable doubt: (1) the existence of a prior conviction; and (2) the defendant's link to that conviction. *Flowers v. State*, 220 SW3d 919, 921 (Tex. Crim. App. 2007). A Defendant's plea of True satisfies the State's burden of proof. *Wilson,* 671 SW2d at 525. Absent a plea of True, the State must prove the two elements by introducing evidence such as the defendant's admission or stipulation, documentary proof, e.g. a judgment, that contains sufficient information showing the defendant's identity as the person convicted of the offense, or testimony by a person with knowledge of the defendant's prior conviction. *Flowers,* 220 SW3d at 921-22. In absence of a plea of "true" in the record, appellate court proceeds as if defendant pled "not true" to enhancement.

Based on the record before the Court, the State wholly failed to establish the September 23, 2002 prior conviction alleged in the enhancement paragraph of the indictment. Wood's vague testimony that he had "one drug conviction" for which he went to prison "in the 2000s" is insufficient, without more, to prove up the enhancement allegation in the indictment which was alleged to have been a felony of Possession of Controlled Substance Penalty Group 1, 1-4 grams, a third degree felony. The evidence elicited by the State does not rise to proof beyond a reasonable doubt that the drug offense was a third degree felony or higher. The evidence elicited by the State could just as likely have proven a State Jail Felony, or possibly even a misdemeanor, which would not be permitted to enhance a third degree felony. *See,* Tex. Pen. C 12.42(a). *Campbell v. State,* 49 SW3d 874, 878 (Tex. Crim. App. 2001). The State contends in its brief that defendant's admission of "one drug conviction" is prima facie proof of the offense alleged in the enhancement paragraph. On the contrary, it does not prove beyond a reasonable doubt the offense alleged in the enhancement paragraph because it fails to prove what type of drug conviction, what penalty group to which the controlled substance he was convicted belonged, whether it was a possession charge, manufacturing and delivery charge, conspiracy charge, or any other drug related offense; or the

15

amount of the controlled substance of which he was convicted, all of which are essential elements of the enhancement allegation to be proven by the State beyond a reasonable doubt in order to classify it as a misdemeanor, state jail felony, or a felony for enhancement purposes under Tex. Penal Code 12.42. Although given ample opportunity, and although the State solely bore the burden of doing so, the State simply failed to meet its burden. The State's complaint that the "Fourth Court of Appeals, by contrast, wants to require evidence of a document" is without merit whatsoever. The Fourth Court of Appeals wants the State to carry its burden, in conformity with the holding in *Flowers.* *See*, *Wood v. State*, 453 SW3d 488, 491 (Tex. App.-San Antonio 2014, pet. filed).

The state not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction. Therefore, contrary to the State's argument, no presumption of regularity attached to the judgment's recitals with respect to the enhancement conviction. *Fletcher,* 214 SW3d 5 at 8. (presumption of regularity of a judgment with respect to a prior conviction does not arise until after the State presents prima facie evidence of a conviction to be used for enhancement.) When the State fails to make a prima facie showing of an enhancement conviction, as it did in this case, the

Defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction. *Id.*at 7. As in the similar case, *Wise*, the Court should not apply a presumption of regularity in the enhancement proceedings in a way that relieves the State of its burden to prove the enhancement allegations beyond a reasonable doubt. *Wise,* 394 SW3d at 599 (citing *Fletcher*, 214 SW3d at 9).

Additionally, as in *Wise,* the State asserts the record is silent because there is nothing in the record to indicate when Appellant's plea to the enhancement paragraph was taken by the Court (if it was taken by the Court at all, which Appellant denies), and because a "silent record will not suffice as an affirmative showing," the State maintains the presumption of regularity is not overcome. However, we do have a transcript of the punishment hearing at which no plea to the enhancement paragraph was taken by the court. *Cf. Henry v. State*, 331 SW3d 552, 555 (Tex. App.- Houston [14th Dist.] 2011, no pet.) (only indication in record appellant pleaded 'true" to enhancement was recitals in court's judgment, and because record contained no evidence of plea to enhancement allegation, case analyzed as one in which appellant pleaded "not true").

The State argues that because the judgment in this case also recites that Appellant pled true to the enhancement count, that it creates a similar

presumption that the recital is accurate absent direct proof of its falsity and cites *Breazeale v. State,* 683 SW2d 446, 450-51 (Tex. Crim. App. 1984). However, this is in direct contradiction of the holding in *Henry*, *supra,* and is clearly distinguished by the holding in *Wise,* in that, unlike the State's burden here, to prove enhancement allegations beyond a reasonable doubt, the State bears no burden at trial with respect to the execution of a defendant's jury-trial waiver, which was the subject of the holding in *Breazeale*. *See* Tex. Code Crim. Proc. Ann. Art. 1.13(a). *Wise*, 394 SW3d at 599. If a jury trial waiver is not documented in the record, "nothing more is implicated…than an alleged failure in the trial court to conform to statutory prescriptions for showing a waiver of jury trial." *Breazeale*, 683 SW2d at 452. In contrast, enhancement allegations, if proved, operate to increase the punishment range of a defendant. *See,* Tex. Penal Code Ann. 12.42(d). If the State's proof or a defendant's plea of "true" is not somehow documented in the record, the defendant's punishment could be enhanced based on prior convictions the State does not prove. The Court in *Wise*, declined to apply a presumption of regularity in the proceedings in a way that relieves the State of its burden to prove the enhancement allegations beyond a reasonable doubt, especially when, as in this case, the State had the opportunity to

18

introduce such proof at the punishment hearing. *See, Fletcher,* 214 SW3d at 9.

Additionally, the State's authority for the imposition of the presumption of regularity are clearly distinguishable from the case at bar in that the issues decided differed from the argument in this case, specifically that the State failed to introduce sufficient evidence to prove the enhancement allegations beyond a reasonable doubt. In support of its position, the State cites *Sharp v. State,* 707 SW2d 611 (Tex. Crim. App. 1986); *Warren v. State*, 683 SW2d 414 (Tex. Crim. App. 1985); and *Hunt v State*, 994 SW2d 206 (Tex. Crim. App. 1999). In *Sharp,* a capital murder case, the court held that the trial court did not commit reversible error by ***not reading the indictment to the jury or taking his plea in the presence of the jury***, because the presumption of regularity requires the defendant to raise that issue at trial or in a motion for new trial. This case is clearly distinguishable from the instant case. Appellant in this case does not make the same complaint regarding the reading of the indictment.

Additionally, *Warren* is distinguishable in that it again raises the issue as to ***whether the enhancement paragraph was read to the jury***, which is not the issue in this case. *Hunt* is also distinguishable, in that it held that although the indictment failed to state all of the elements for the firearm

19

offense, defendant failed to preserve such error for appeal by timely and proper objection since his motion was generalized and failed to specify which offense was at issue. Moreover, the defect was not so great as to deprive the trial court of jurisdiction to convict. ***Although the record was incomplete, it was presumed, pursuant to <u>Tex. R. App. P. 44.2(c)</u>, that the indictment was read to the jury in its entirety, as required by <u>Tex. Code Crim. P. Ann. art. 36.01(a)(1)</u>.*** Again, the issue of whether the enhancement allegation was read to the Appellant in this case is not the issue presented on appeal, but rather that the State failed to present sufficient prima facie evidence of the prior conviction for enhancement purposes beyond a reasonable doubt. The authority cited by the State does not control these issues.

At the time the Court found the enhancement allegation true, Woods had not pleaded "true" to the allegation, and at no time did the parties represent to the Court that he had. On this record, the Court must conclude that the State failed to meet its burden, and Wood's punishment was enhanced based on a conviction the State did not prove. Such a failure of proof is not subject to a harmless error analysis. *Ex Parte Miller*, 330 SW3d 610, 624 (Tex. Crim. App. 2009); *Jordan v State*, 256 SW3d 286, 292- 293 (Tex. Crim. App. 2008).

CONCLUSION

As stated by the Fourth Court of Appeals, the State's argument misses the mark because Wood is not complaining that he failed to receive proper notice of the prior conviction to be used for enhancement, or that it was not read, or that he did not plea to it in open court, or that he was misled in any way, but, rather, that the State failed to prove the prior conviction for purposes of enhancement beyond a reasonable doubt. It is the State's burden to do so. The State attempts to subordinate its burden by urging the Court to find through the presumption in TRAP 44.2(c)(4) that the defendant entered a plea, and to further presume that the plea was a plea of True, which is not provided for in the presumption of regularity provided by TRAP 44.2(c)(4). Were the Court to do so, it would venture down a very slippery slope indeed, wherein the State would be able to obtain and uphold enhancements, and possibly convictions, without proof beyond a reasonable doubt, simply because a clerk enters it on a judgment or a defendant does not object when the State has not even provided prima facie evidence. It was not the intent of the promulgators of TRAP 44.2(c)(4) that the presumption or regularity would be able to supplant the State's burden of proof. The State's position does not seek to resolve differences in the holdings of the appellate courts in

21

this state affecting the Jurisprudence of this State. Instead, the State is trying to have this court relieve them of their Burden of Proof, in contravention of the uniform holdings of the appellate courts, and the Court of Criminal Appeals, as held in *Wise, Wilson, Henry, Fletcher, Ex Parte Miller, Jordan,* and *Flowers*.

The State wholly failed to provide prima facie evidence of the conviction to be used for enhancement. Therefore, contrary to the State's argument, no presumption of regularity attached to the judgment's recitals with respect to the enhancement conviction. *Fletcher,* 214 SW3d 5 at 8. (presumption of regularity of a judgment with respect to a prior conviction does not arise until after the State presents prima facie evidence of a conviction to be used for enhancement.) When the State fails to make a prima facie showing of an enhancement conviction, as it did in this case, the Defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction. *Id.*at 7. As in the similar case, *Wise*, the Court should not apply a presumption of regularity in the enhancement proceedings in a way that relieves the State of its burden to prove the enhancement allegations beyond a reasonable doubt. *Wise,* 394 SW3d at 599 (citing *Fletcher*, 214 SW3d at 9).

PRAYER FOR RELIEF

The Appellant prays that this Court will uphold the judgment of the Court of Appeals reversing the punishment judgment of the trial court and remanding this case to the trial court for a new punishment hearing.

RESPECTFULLY SUBMITTED,

THE MCLANE LAW FIRM
9901 IH 10 West, Ste. 695
San Antonio, Texas 78230
Email:  dlmclanelaw@yahoo.com
Telephone:  (210) 736-9966
Facsimile:  (210) 547-7932

By:_/s/ David L. McLane_____
 DAVID L. MCLANE
 State Bar No.: 00795517
  ATTORNEY FOR APPELLANT
  CARLTON WOOD

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4 (i)(3), the undersigned counsel hereby certifies that the Response to State's Brief on the Merits Following Granting of Petition for Discretionary Review in the above styled and numbered cause is in compliance with said rules and has 3434 words included as set forth in TRAP Rule 9.4(i)(1).

SIGNED this 5th day of June, 2015.


/s/  David L. McLane
DAVID L. MCLANE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was delivered in accordance with the Texas Code of Criminal Procedure and Texas Rules of Appellate Procedure, on the 5th day of June, 2015, on the following:

Bexar County District Attorney
300 Dolorosa
San Antonio, Texas 78205

State Prosecuting Attorney, Lisa McMinn
209 W. 14th Street, Ste. 202
Austin, Texas 78701

/s/ David L. McLane
DAVID L. MCLANE

# APPENDIX

1.    REPORTER'S RECORD PAGE 3

2.    CLERKS RECORD PAGE 5- INDICTMENT

**Defendant:** CARLTON WOOD
**JN #:** 1554834-1
**CLERK'S ORIGINAL**

**Address:** 124 SPRUCE ST, SAN ANTONIO, TX 78203-1344

**Complainant:** C. Wedeking

**CoDefendants:**

**Offense Code/Charge:** 489907 - EVADING ARREST/DETENTION W/ VEHICLE

**GJ:** 568280          **PH Court:** 226
**Court #:** 226TH                **SID #:**547548          **Cause #:** 2013 - CR 3690
**Witness: State's Attorney**



FILED

_____ O'CLOCK_____ M

APR 2 9 2013

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY ⎯⎯⎯⎯⎯⎯ DEPUTY

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the March term, A.D., 2013, of the 379TH Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

on or about the 28th Day of December, 2012, CARLTON WOOD, hereinafter referred to as defendant, while using a vehicle, did intentionally flee from a person, namely: C. Wedeking, a person the defendant knew was a peace officer who was attempting lawfully to arrest and detain the defendant;

### ENHANCEMENT ALLEGATION

And it is further presented in and to said Court that, before the commission of the offense alleged above, on the 23rd day of SEPTEMBER, A.D. 2002, in Cause No. 2002CR2129, in Bexar County, Texas, the defendant was convicted of the felony of POSS CS PG1 1 GRAM TO 4 GRAMS;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Foreman of the Grand Jury

## INDICTMENT – CLERK'S ORIGINAL



(Open court, defendant present.)

MS. ESTERAK: We're proceeding on the evading.

THE COURT: 2013-CR-3690, evading arrest or detention with a vehicle. Do you wish to have the indictment read?

MR. BARTOLOMEI: Yes, Your Honor.

THE COURT: So they allege --

MS. ESTERAK: On or about the 28th day of December, 2012, Carlton Wood, hereinafter referred as Defendant, while using a vehicle, did intentionally flee from a person, namely: C. Wedeking, a person the Defendant knew was a peace officer who was attempting lawfully to arrest and detain the Defendant.

THE COURT: To which the Defendant pleads guilty or not guilty?

THE DEFENDANT: Not guilty.

THE COURT: Guilty?

MR. BARTOLOMEI: Not guilty, Your Honor.

THE DEFENDANT: Not guilty.

THE COURT: Okay. All right. So I'll accept your plea. And that is your signature on that jury waiver which I assume is somewhere of record?

MR. BARTOLOMEI: It's coming your way right now, Your Honor. May I approach, Judge?

THE COURT: Yes.

MR. BARTOLOMEI: Tender to the Court, Your Honor,